IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY MURPHY COSTON,

    Plaintiff,                    No. CIV S-10-2009 EFB P

    vs.

ANDREW NANGALAMA, et al.,

    Defendants.           <u>ORDER</u>

                               /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claims against defendants Hale, Nangalama, Bercholdt, Brimhall, Duc, and Bal, based on their alleged acts and/or omissions as to plaintiff's alleged need for pain medication. Dckt. Nos. 1, 10. The discovery and scheduling order set January 6, 2012 as the deadline for filing any motion to amend, and March 30, 2012, as the deadline for filing dispositive motions. Dckt. No. 44. On December 9, 2011, plaintiff timely filed a motion to amend his complaint. Dckt. No. 45. Defendants did not respond to plaintiff's motion. They did, however, request modification of the dispositive motion deadline in light of plaintiff's pending motion to amend. Dckt. No. 49. For the reasons stated below, plaintiff's motion to amend is denied and defendants' motion to modify the dispositive motion deadline is granted.

1

In deciding whether to grant leave to amend, the court considers following factors: the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). Plaintiff must also satisfy the procedural requirements of the Local Rules of this court, which provide that:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

E.D. Cal., Local Rule 220.

Plaintiff does not submit a proposed amended complaint or describe his proposed amendments in any way. Nor does plaintiff's motion address any of the factors relevant to whether leave to amend should be granted. Although defendants did not oppose plaintiff's motion, the motion must be denied without prejudice because plaintiff has failed to satisfy the procedural and substantive requirements of a motion to amend. Plaintiff is hereby cautioned that any subsequent motion to amend must be accompanied by a motion showing good cause for modification of the deadline for filing motions to amend, which has now passed. *See* September 15, 2011 Discovery and Scheduling Order, Dckt. No. 44.

Defendants request that the deadline for filing dispositive motions set forth in the scheduling order be modified. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, good cause exists given that the court's ruling on plaintiff's motion to amend could have changed the nature of the claims and/or defendants in this action, which would necessarily affect the substance of any dispositive motion filed by defendants. Defendants' request is therefore granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Dckt. No. 45) is denied;

2. Defendants' motion to modify the scheduling order (Dckt. No. 49) is granted, and defendants may file a dispositive motion within 30 days of the date of this order.

Dated: April 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE