IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY MURPHY COSTON,

    Plaintiff,                          No. 2:10-cv-02009-MCE-EFB P

    v.

ANDREW NANGALAMA, et al.,

    Defendants.               ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 28, 2013, the Magistrate Judge filed findings and recommendations herein (ECF No. 67) which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. After an extension of time, Defendants have filed objections to the findings and recommendations. (ECF No. 71.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court HEREBY ORDERS that:

1

1. The Findings and Recommendations (ECF No. 67) filed February 28, 2013, are ADOPTED IN PART AND REJECTED IN PART.

   a. The findings and recommendations as to Defendants Nangalama and Hale are ADOPTED IN FULL, and the Motion for Summary Judgment (ECF No. 56) as to these two Defendants is DENIED.

   b. The findings and recommendations as to Defendants Duc and Bal are REJECTED, and the Motion for Summary Judgment (ECF No 56) is GRANTED as to these Defendants. The Court finds that these defendants are entitled to qualified immunity. While the Court agrees with the law regarding review of an administrative appeal by a medically trained reviewer as set forth in the findings and recommendations (ECF No. 67 at 10-11) the Court disagrees with the legal conclusion reached by the Magistrate. That is, although there is an "emerging consensus that a medically-trained official who reviews and denies an appeal is liable under the Eighth Amendment when a plaintiff can show that the official knew, at least in part, from reading the appeal that the plaintiff had a serious medical issue and nonetheless did not offer treatment," this consensus was not clearly established in 2008, the time of the incident at issue. See Pogue v. Igbinosa, 2012 WL 603230, at *10 (E.D. Cal. Feb. 23, 2012). Because a reasonable officer in the position of Defendants Duc and Bal at the time of the incident at issue would not have had fair warning that his conduct was unlawful, see id., Defendants Duc and Bal are therefore entitled to qualified immunity.

   c. The July 20, 2012, Motion for Summary Judgment (ECF No. 56) is GRANTED as to Defendants Berchtold and Brimhall.

2. The Court declines to consider the supplemental declarations by Defendant

2

Nangalama and Kelley Yokley offered in support of Defendants' Objections to the Magistrate Judge's Findings and Recommendations (ECF No. 71); and

3. Defendants' request to submit a new motion for summary judgment is DENIED. (ECF NO. 71.)

IT IS SO ORDERED.

Date: March 29, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE