UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MURPHY COSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW NANGALAMA, et al.,<br><br>  Defendants. | No. 2:10-cv-2009-MCE-EFB P<br><br><br>PRETRIAL ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendants Nangalama and Hale violated plaintiff's Eighth Amendment rights by their deliberate indifference to his serious medical needs when they discontinued his morphine prescription, and then allegedly failed to treat his morphine withdrawal symptoms by ignoring his requests for treatment, and failing to provide adequate substitute pain medication. In accordance with the parties' pretrial statements, the court orders as follows:

**JURISDICTION/VENUE**

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391 and Local Rule 120(d). There is no dispute over either jurisdiction or venue.[1]

---

[1] In his pretrial statement, plaintiff states that "the court has jurisdiction over state law claims pursuant to 28 U.S.C. sec. 1367." ECF No. 78 at 2. Plaintiff did not assert any state law claims in his complaint and the court did not identify any in its screening order. *See* ECF Nos. 1, 10. As stated above, this action proceeds solely on an Eighth Amendment claim of deliberate indifference to medical needs.

**UNDISPUTED FACTS**

1. At the times referenced in the complaint, plaintiff was incarcerated at California State Prison, Sacramento.
2. Defendant Nangalama was a physician and surgeon employed by the California Department of Corrections and Rehabilitation. He is employed at California State Prison, Sacramento.
3. Defendant Hale was a licensed vocational nurse employed by the California Department of Corrections and Rehabilitation at California State Prison, Sacramento.
4. On August 20, 2007, plaintiff received an MRI which revealed a tear of plaintiff's rotator cuff, and osteoarthritis of the left shoulder.
5. On September 25, 2007, plaintiff was prescribed Morphine and a Lidocaine patch for left shoulder pain, an Orthopedic consultation was requested for contemplated surgical repair, and re-evaluation was to occur in thirty days to assess pain management.
6. Inmate plaintiff was seen approximately every thirty days for the next six months, at which time his medication was discontinued for hoarding and he was seen more frequently.
7. On October 25, 2007, plaintiff was evaluated. He complained of allergies, left foot pain and low back pain. He indicated he was unable to get a Lidocaine patch and it was discontinued. For pain, plaintiff's Morphine was refilled, and a prescription for apsaicin was noted. Both were given for sixty days.
8. On November 26, 2007, plaintiff was evaluated, at which time his primary subjective complaint was foot pain. Plaintiff was prescribed physical therapy for his foot pain. Plaintiff was also prescribed additional pain medications of Salsalate and Gabapentin.
9. On December 28, 2007, plaintiff was evaluated by Dr. Nangalama. Dr. Nangalama noted low back, shoulder and foot pain, and refilled plaintiff's Morphine prescription for ninety days. Dr. Nangalama added a prescription for Ibuprofen.
10. On January 28, 2008, plaintiff was evaluated by an orthopedic specialist, at which time it was determined plaintiff was not a good candidate for surgery on his left shoulder.

11. On February 22, 2008, plaintiff was again evaluated by Dr. Nangalama. Dr. Nangalama ordered labs, and provided plaintiff with a chrono which allowed him to be housed on a bottom bunk. Dr. Nangalama also allowed for plaintiff to receive an extra mattress, and an extra pillow. A re-evaluation was again set for 30 days out.

12. On February 26, 2008, plaintiff was evaluated. A 90 day prescription of Gabapentin 600mg was refilled.

13. On March 7, 2008, plaintiff was evaluated by Dr. Nangalama. Dr. Nangalama noted that plaintiff should continue with his current pain medications and return to the clinic in 30 days.

14. On March 18, 2008, prior to plaintiff's next 30 day evaluation, an Officer Boggs (who is not named in this litigation) discovered plaintiff to be hoarding 50 pills of his prescribed narcotic Morphine inside a zip-lock bag, in his solely-occupied Administrative Segregation cell.

15. Plaintiff admits he did not always take the prescribed medications personally handed to him, but only whenever he felt pain.

16. Hoarding medications violates prison policy, and it is customary to discontinue medication when it appears that an inmate is hoarding medication and not taking the prescribed dosage. Possession charges were referred to the District Attorney but eventually handled by the Prison, where he was assessed 140 days loss of good time credit, 90 days loss of contact visits, and random urinalysis testing for one year.

17. On March 18, 2008, plaintiff's Morphine prescription was discontinued by Dr. Nangalama after Dr. Nangalama was informed that plaintiff had 50 Morphine pills in his cell. This was done by way of a document entitled, "Physician's Order".

18. LVN Hale also signed the Physician's Order which discontinued plaintiff's Morphine prescription.

19. Plaintiff submitted a Request for Medical Assistance dated March 23, 2008 which describes a need for sole inserts for his shoes. This medical record does not reflect an urgent need for medical care relative to Morphine withdrawal.

3

20. On March 25, 2008, plaintiff was evaluated by a non-defendant RN, who released him to his housing unit in stable and ambulatory condition, and referring him for a physician's appointment. This medical assessment does not reflect any complaints of discomfort made by plaintiff relative to Morphine withdrawal.

21. On March 26, 2008, eight days after the Morphine was discontinued, plaintiff had a Physical Therapy evaluation which addressed chronic pain and orthopedic problems. There is no indication in this medical record that plaintiff was in urgent need of medical care, nor that he could not complete the exercises being given due to any current problems. Plaintiff was given exercises to be done 2-3 times per day.

22. On March 29, 2008, eleven days after the Morphine was discontinued, plaintiff was seen and treated for alleged nausea, a symptom of Morphine withdrawal. Plaintiff was given 50mg of Phenergen, and 25 mg tablets to take every 8 hours as needed. The non-defendant physician refused any additional pain medications at this time, and noted plaintiff was accused of selling narcotics.

23. On April 3, 2008, plaintiff was provided with education regarding Morphine as he had requested on March 29, 2008.

24. On April 18, 2008, plaintiff was evaluated. Morphine reinstatement was again refused, and plaintiff was instructed to continue with Gabapentin and Ibuprofen for pain relief.

25. On May 6, 2008, a request for re-evaluation of plaintiff's left shoulder was submitted.

26. On May 16, 2008, plaintiff was evaluated, his chart was reviewed, his MRI was discussed, as well as all medications, the side effects of Ibuprofen, Morphine, Gabapentin, and Celebrex. It was recommended that plaintiff continue with Gabapentin, and a prescription for Celebrex was added for pain management.

27. On June 27, 2008, plaintiff was seen by Dr. Nangalama regarding refill of his medications. Plaintiff was not taking his (other than Morphine) medications. He was instructed about medications and compliance. Refills for Gabapentin and Celebrex were noted in plaintiff's medical records. Plaintiff was instructed to return in 30 days.

/////

4

28. During the four months after the prescription for Morphine had been discontinued, plaintiff had the following prescribed medications on board to assist with the opiate withdrawal symptoms he alleges he experienced; Gabapentin 600mg (commonly used for pain relief, March through May 2008), Ibuprofen 600mg (three times per day, March and April 2008), Promethazine 25mg (for nausea every eight hours as needed, March 29 through April 2008), and Phenergen on and after March 29, 2008 (for nausea).

**DISPUTED FACTUAL ISSUES**

The defendants previously sought summary judgment. In denying that motion, the court found disputed issues of fact as to whether Dr. Nangalama removed plaintiff from morphine "cold turkey" and was indifferent a serious medical need for treatment of withdrawal symptoms and adequate substitute pain medication, and was indifferent to various requests by plaintiff for medical care. ECF No. 67 at 13.

The ruling denying summary judgment also found disputed issues of fact as to whether LVN Hale also ignored various requests by plaintiff for medical care. The court further found disputed issues of fact as to whether Hale was responsible for the discontinuation of morphine, and if so, whether Hale was indifferent to a serious medical need for treatment of withdrawal symptoms and adequate substitute pain medication. *Id.*

Additionally, the parties submitted the following statements of disputed facts with their pretrial statements:

Plaintiff:

1. "Whether defendant Hale abuse authority by discontinuing plaintiff's prescribed pain medication."
2. "Whether defendant Nangalama forced plaintiff to withdrawal from morphine 'cold turkey.'"
3. "Whether defendant Nangalama adequately provided treatment for plaintiff's morphine withdrawal symptoms."
4. "Whether defendant Nangalama assured plaintiff received adequate substitute pain medication for his chronic pain."

5

    5. "Whether defendant Nangalama and Hale ignored various requests plaintiff submitted to their medical department."

    6. "Whether defendant Nangalama and Hale hindered adequate pain relief treatment by non-defendant prison physician's post March 18, 2008."

ECF No. 78 at 4.

Defendants:

1. Whether LVN Hale (a) has the authority to discontinue a patient's medications; and (b) actually discontinued the Morphine or merely noted receipt of Dr. Nangalama's order to discontinue it.

2. Whether plaintiff had adequate medications to treat his pain and symptoms of withdrawal upon discontinuation of his Morphine prescription.

3. Whether on March 19, 2008, plaintiff asked LVN Hale for medical assistance and whether Hale laughed and walked away.

4. Whether or not Dr. Nangalama and LVN Hale received and/or ignored any Requests for Medical Assistance by plaintiff.

5. Whether plaintiff submitted any Requests for Medical Assistance regarding an urgent need for medical care due to Morphine withdrawal symptoms.

ECF No. 79 at 7.

**DISPUTED EVIDENTIARY ISSUES**

Defendants anticipate raising evidentiary issues regarding the admissibility of any exhibits offered by plaintiff at trial due to plaintiff's failure to properly identify exhibits in his Pretrial Statement.[2]

Where appropriate, disputed evidentiary issues shall be raised in motions in limine filed not later than twenty-one days before trial. Oppositions thereto shall be filed not later than fourteen days before trial. Reply briefs, if any, shall be filed not later than seven days before trial.

---

[2] The issue regarding plaintiff's failure to properly identify exhibits in his Pretrial Statement is more fully addressed below in the "EXHIBITS, SCHEDULES AND SUMMARIES" section.

6

**RELIEF SOUGHT**

Plaintiff seeks nominal damages, compensatory damages, and $20,000 in punitive damages. He also requests cost of suit and attorney's fees. Defendants assert that plaintiff was appropriately cared for, and is not entitled to any form of compensation.

**POINTS OF LAW**

Plaintiff includes the following "Points of Law" section in his pretrial statement:

1. "Failure to act" theory of liability

   Defendants violated plaintiffs eighth amendment right to be free from cruel and unusual punishment when they interfered with pain specialist and physician orders for plaintiffs severe chronic pain by abruptly discontinuing it and exposing him to a substantial risk of fatality. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); 42 U.S.C. § 1983; *see Carey v. Piphus*, 435 U.S. 247 (1978); *Smith v. Wade*, 461 U.S. 30 (1983).

2. "Failure to act" theory of liability.

   Defendants violated plaintiffs eighth amendment right to be free from cruel and unusual punishment when they refused to treat plaintiff for serious narcotic withdrawal symptoms after stripping him of powerful pain medication and ignored all his pleas for medical care; exposing plaintiff to a substantial risk of fatality. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); 42 U.S.C. § 1983; *see Carey v. Piphus*, 435 U.S. 247 (1978); *Smith v. Wade*, 461 U.S. 30 (1983).

3. "Failure to act" theory of liability.

   Defendant Nangalama violated plaintiffs eighth amendment right to be free from cruel and unusual punishment when he failed to provide treatment for plaintiffs severe chronic pain even though pleaded for medical care repeatedly. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); 42 U.S.C. § 1983; *see Carey v. Piphus*, 435 U.S. 247 (1978); *Smith v. Wade*, 461 U.S. 30 (1983).

ECF No. 78 at 5-6 (state law citations omitted).

Defendants include the following "Points of Law" section in their pretrial statement:

> An Eighth Amendment claim predicated on the denial of medical care requires a Plaintiff to establish that he had a serious medical need and that the

7

>Defendants' response to that need was deliberately indifferent. *Estelle v. Gamble* (1976) 429 U.S. 97, 106. To establish deliberate indifference to a prisoner's serious medical needs, the prison official's conduct must constitute unnecessary and wanton infliction of pain. *Id.* at 104. A prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health and safety. *Toguchi v. Chung* (9th Cir. 2004) 391 F.3d 1051, 1057. Negligence in treating a medical condition is not sufficient to state a cause of action under Section 1983 against a public official. *Lopez v. Smith* (9th Cir. 2000) 203 F.3d 1122, 1131. Moreover, an Inmate's disagreement with a Physician's diagnosis or recommended course of treatment does not state a constitutional violation. *Jackson v. McIntosh* (9th Cir.1996) 90 F.3d 330, 332.

ECF No. 79 at 9-10.

The parties shall serve and file trial briefs (as described in Local Rule 285) no later than fourteen days before trial. The parties shall thoroughly address all applicable claims and defenses in their trial briefs.

**ABANDONED ISSUES**

None.

**WITNESSES**

In addition to himself, plaintiff anticipates calling the following unincarcerated witnesses:

1. Shelia Alvoid, 231 Benjamin Avenue, Pittsburg, CA 94565
2. Patricia Runyan, 40382 Stagecoach Rd., Oakhurst, CA 93644
3. Angela Smith, 40382 Stagecoach Rd., Oakhurst, CA 93644
4. Allison Smith, 40382 Stagecoach Rd., Oakhurst, CA 93644

Plaintiff is hereby informed of the requirements for obtaining the attendance of unincarcerated witnesses:

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness.

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony must complete a subpoena and submit it to the United States Marshal for service upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Completed subpoenas must be submitted *not earlier than*

*four weeks and not later than two weeks before trial*. The party must also tender through the United States Marshal a money order payable to the witness in the amount of the daily witness fee, $40.00, *plus the witness's travel expenses*. If plaintiff seeks the witness's presence and proceeds in forma pauperis, then plaintiff must also submit a copy of the order granting him leave so to proceed. *The United States Marshal will not serve a subpoena upon an unincarcerated witness without the witness fee and travel expenses having been tendered.* No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding in forma pauperis must tender the fees.

Defendants indicate in their Pretrial Statement that plaintiff did not previously disclose the above-named witnesses. Therefore, defendants request that the witnesses be disallowed, or at the very least that plaintiff be ordered to provide them with information as to what topics these witnesses are expected to testify. Defendants' request is granted in that plaintiff shall, within 30 days of the date this order is issued, provide defendants with a summary of the anticipated testimony of each of his four witnesses. Thereafter, if appropriate, defendants may promptly request that the court reopen discovery for the limited purpose of obtaining information regarding plaintiff's four witnesses.

In addition to plaintiff and themselves,[3] defendants anticipate calling the following witnesses:

1. J. Bal, Chief Medical Officer at the time of the incident and dismissed Defendant, c/o Law Offices of Rivera & Associates, 2180 Harvard St., Ste. 310, Sacramento, CA 95815
2. K. Sarver, RN, BSN, who evaluated plaintiff on 03/25/08, c/o Law Offices of Rivera & Associates, 2180 Harvard St., Ste. 310, Sacramento, CA 95815

Any party may call any witness identified by another party. No other witness will be permitted to testify. The court will, not later than six weeks before trial, issue all necessary writs to provide for the attendance at trial of plaintiff.

/////

---

[3] Defendants note, however, that due to medical reasons, it is doubtful that defendant LVN Hale would be able to attend a trial of this matter anytime in the near future.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff has identified the following documents and other exhibits he expects to offer at trial:

1. Radiology reports for left knee, neck, back, and left shoulder
2. Post-radiology consultations and specialist recommendations for treatment of plaintiff's pain
3. Exhibits attached to plaintiff's "motion"
4. Declaration filed in opposition to defendants' summary judgment motion
5. Relevant CDCR medical complaints and attachments
6. 15 Cal. Code Regs. tit. §§ 3350, 3354, 3354.2, 3016
7. Relevant CDCR chronic pain guidelines
8. Relevant Board of Nursing information for defendant Hale
9. CDCR Article 4, Nursing Services Program
10. CDCR Article 14, Employee Misconduct, sec. 31140.1-14
11. CDCR 7225
12. Cal. Penal Code § 5058.4
13. CDC 128-c
14. California Prison Health Care services volume 4, chapter 27(A) and (B)
15. CDC 7385
16. CDC physician drug request forms
17. CDC physicians orders
18. Digital photos of torn rotator cuff in shoulder
19. Digital photo of anterior cervical disk surgery and descriptions of treatment
20. Photo anterior lower back disk surgery and descriptions of treatment
21. Photos of rotator cuff tears and injuries, descriptive treatment
22. Descriptive information on Celebrex
23. CDC Operational Manual Policy, sec. 33030.1-33030.2
24. Black box information on morphine sulfate II controlled release tablets

1    As defendants observe in their Pretrial Statement, plaintiff has used general terms and
2 phrases that do not clearly describe specific and identifiable documents.  Defendants ask that the
3 court prohibit plaintiff's use of the exhibits.  That request is denied.  However, defendants'
4 alternative request for an order directing plaintiff to provide defendants with copies of the
5 exhibits to allow defendants the opportunity to review them and draft any appropriate motions in
6 limine, is granted.  Plaintiff shall file an amended exhibit list within 30 days of the date this order
7 is issued.  That amended exhibit list shall clearly identify each exhibit plaintiff intends to use at
8 trial.  That list must clearly describe and identify (by date and title, where applicable) each
9 document that plaintiff will offer as evidence.  Further, plaintiff shall provide defense counsel
10 with copies of all of his exhibits no later than 30 days before trial.

11    Defendants expect to use the following exhibits at trial:

12    1.  Mercy Imaging Center Medical Records, 08/20/07, MRI Left Shoulder
13    2.  Prison Medical Records dated 09/25/07
14    3.  Prison Medical Records dated 10/25/07
15    4.  Prison Medical Records dated 11/26/07
16    5.  Prison Medical Records dated 12/28/07
17    6.  Prison Medical Records dated 02/22/08
18    7.  Comprehensive Accommodation Chrono dated 02/22/08
19    8.  Prison Medical Records dated 02/26/08
20    9.  Prison Medical Records dated 03/07/08
21    10.  Cell Search Worksheet, by Officer Boggs, dated 03/18/08
22    11.  Serious Rules Violation Report and Disposition, regarding 03/18/08 incident
23    12.  Prison Medical Records dated 03/18/08
24    13.  Health Care Services Request Form, dated 03/23/08 (Original Unit Health Record Copy -
25        reads, "need sole inserts...")
26    14.  Health Care Services Request Form, dated 03/23/08 (Inmate Copy - reads, "night
27        sweats...")
28    15.  Prison Medical Records, Encounter Form, dated 03/25/08

16. Prison Medical Records dated 03/26/08

17. Prison Medical Records dated 03/29/08

18. Inmate Request for Interview dated 03/29/08

19. Inmate Appeal dated 04/13/08, with Exhibits

20. Memorandum dated 04/16/08

21. Prison Medical Records dated 04/18/08

22. Prison Medical Records dated 05/06/08

23. Responses to Inmate Appeal of 04/13/08, various levels

24. Prison Medical Records dated 06/27/08

25. Prison Medical Records dated 07/25/08

26. Plaintiff's Medication Administration Records, 2008

27. Plaintiff's Abstract of Judgment

Defendants note that they intend to utilize the court's computer technology to publish exhibits to the jury and if necessary, will present witnesses to authentic their exhibits.

Except as otherwise ordered, the parties shall mail copies of their exhibits, schedules, and summaries and other items they anticipate offering into evidence to all other parties no later than twenty-eight day before trial.

Objections to a party's items sought to be introduced into evidence shall be filed twenty-one days before trial. Each item to which no pretrial objection is made will be forthwith received into evidence.

If defendant objects to any of plaintiff's exhibits which purport to be copies of records from the California Department of Corrections and Rehabilitation on foundational grounds or otherwise dispute the authenticity of those copies, defendant shall subpoena or otherwise produce the custodians of the records for testimony at trial.

Plaintiff will use numbers to mark his exhibits; defendants will use letters.

The parties are directed to bring an original and one copy of each exhibit to trial.

/////

/////

**DISCOVERY DOCUMENTS**

Plaintiff anticipates using defendants' responses to his interrogatories and requests for admissions.

Defendants anticipate using plaintiff's January 4, 2012 deposition testimony for impeachment purposes.

**FURTHER DISCOVERY OR MOTIONS**

In his Pretrial Statement, plaintiff states that "for good cause and in good faith," he "may request first discovery of this court and defendants." ECF No. 78 at 8. Though the meaning of this sentence is not clear, plaintiff is cautioned that discovery has been closed since January 6, 2012 (ECF No. 44) and will not be reopened absent a showing of diligence and good cause.

Aside from the possibility of further discovery regarding the purportedly undisclosed witnesses listed by plaintiff, defendants do not anticipate further discovery.

**STIPULATIONS**

None.

**AMENDMENTS/DISMISSALS**

On March 29, 2013, summary judgment was granted in favor of defendants Duc, Bal, Berchtold, and Brimhall. ECF No. 73.

**SETTLEMENT NEGOTIATIONS**

There have been no settlement negotiations to date. Plaintiff is interested in a settlement conference, but defendants do not believe that a settlement conference would be helpful.

**AGREED STATEMENTS**

The parties believe that an Agreed Statement of Facts is feasible. Any such statement shall be filed no later than fourteen days before trial.

**SEPARATE TRIAL OF ISSUES**

There is no need for separate trial of issues.

**IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

Not necessary.

/////

13

**ATTORNEYS' FEES**

Plaintiff is proceeding pro se and attorney's fees are therefore not appropriate.

Defendants reserve the right to seek attorneys' fees.

Any motions for costs of attorneys' fees shall be filed after judgment and timely presented in accordance with Local Rules 292 and 293.

**JURY TRIAL**

All parties have timely requested trial by jury.

Jury trial is scheduled to begin on March 31, 2014, at 9:00 a.m. in Courtroom No. 7, 14th Floor, before United States District Judge Morrison C. England, Jr. Defendants estimate that the action will be submitted to a jury for verdict within two to three days.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties' proposed jury voir dire and proposed jury instructions (as described in Local Rules 162.1(a) and 163(a)) shall be lodged with the clerk and copies served on all parties no later than fourteen days before trial.

**SUMMARY OF ORDER**

1. Plaintiff shall, within 30 days of the date this order issued, provide defendants with a summary of the anticipated testimony of each of his four witnesses.

2. Plaintiff may (a) file an amended exhibit list within 30 days of the date this order is issued, as set forth above; or (b) provide defendants with copies of all of his exhibits no later than 30 days before trial.

3. Unless otherwise ordered, the parties shall mail copies of their exhibits, schedules, and summaries and other items they anticipate offering into evidence to all other parties no later than twenty-eight days before trial.

4. Objections to a party's items of evidence sought to be introduced into evidence shall be filed no later than twenty-one days before trial.

5. Motions in limine shall be filed no later than twenty-one days before trial.

6. Trial briefs, proposed jury voir dire and proposed jury instructions shall be filed no later than fourteen days before trial.

**MODIFICATION OF PRETRIAL ORDER**

Each party is granted thirty days to object to this Pretrial Order. Any objections shall set forth the basis of the objections and any changes to be made. Each party is also granted fourteen days thereafter to respond to the other party's objections. If no objections are made, the Pretrial Order will become final without further order of the court.

Pursuant to Federal Rule of Civil Procedure 16, the final pretrial order shall control the subsequent course of this action and will not be modified except according to its terms or to prevent manifest injustice.

So ordered

DATED: January 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE