UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY MURPHY COSTON,

        Plaintiff,

    v.

ANDREW NANGALAMA, et al.

        Defendants.

No.  2:10-cv-02009 MCE-EFB P

**SUPPLEMENTAL PRETRIAL ORDER**

The Court makes the following findings and orders which supplements the Court's Pretrial Order of January 31, 2014 ("Pretrial Order"):

**I.    WITNESSES**

The witnesses the parties intend to call are listed in the Pretrial Order.

**II.    EXHIBITS - SCHEDULES AND SUMMARIES**

The parties are ordered to follow the below guidelines when filing their exhibits listed in the Pretrial Order.

Plaintiff's exhibits shall be listed numerically.  Defendants' exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office:  pink for Plaintiff and blue for Defendants.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)" to reduce confusion during the trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within

1

the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

A.     No other exhibits will be permitted to be introduced unless:

(1)     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence, or

(2)     The exhibit was discovered after the pretrial statements were filed and the proffering party makes the showing required in paragraph "B", below.

B.     Upon the post-pretrial discovery of exhibits, the parties shall promptly inform the Court and opposing party of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)     The exhibits could not reasonably have been discovered earlier;

(2)     The Court and opposing parties were promptly informed of their existence;

(3)     The proffering party forwarded a copy of the exhibit(s) (if physically possible) to opposing parties.  If the exhibit(s) may not be copied, the proffering party must show that the exhibit(s) were made reasonably available for inspection by opposing party.

C.     The parties are ordered to exchange copies of all their exhibits and exhibit list by **March 17, 2014** as stated in the Pretrial Order.  The deadline date given in the Pretrial Order for delivering exhibits to the Court is vacated.

///

1  Each party is directed to present the original and two (2) copies of the exhibit(s) and

2  exhibit list to the Court Clerk's Office by **March 17, 2014**.  NO EXCEPTIONS.

3        D.     If available to the party, the Court's copies of the exhibits shall be

4  presented in a 3-ring binder(s) with a side tab identifying each exhibit by number or

5  letter.  Each binder shall be no larger than three inches in width and have an

6  identification label on the front and side panels.

7  **III.**    **DISCOVERY DOCUMENTS**

8        **A.**    **Filing Depositions**

9       It is the duty of the parties to ensure that any deposition which is to be used at

10  trial has been lodged with the Clerk of the Court.  In addition, two unmarked copies of

11  the transcripts must be delivered to the Court Clerk's Office.  The parties are cautioned

12  that a failure to discharge this duty may result in the Court precluding use of the

13  deposition or imposition of such other sanctions as the Court deems appropriate.

14        **B.**    **Use of Depositions**

15       The parties are ordered to file with the Court and exchange between themselves

16  by **March 17, 2014** a statement designating portions of depositions intended to be

17  offered or read into evidence (except for portions to be used only for impeachment or

18  rebuttal).

19        **C.**    **Interrogatories**

20       The parties are ordered to file with the Court and exchange between themselves

21  by **March 17, 2014** the portions of Answers to Interrogatories which the respective

22  parties intend to offer or read into evidence at the trial (except portions to be used only

23  for impeachment or rebuttal).

24  **IV.**    **FURTHER DISCOVERY OR DISCOVERY MOTIONS**

25       Pursuant to the Court's Scheduling Order, all discovery and law and motion was

26  to have been completed.  The parties are free to engage in informal agreements

27  regarding discovery and law and motion matters.  However, any such agreements will

28  not be enforceable in this Court.

1  **V.  AGREED STATEMENTS - JOINT STATEMENT OF CASE**

2      It is mandatory the parties shall file a short, jointly-prepared statement concerning

3  the nature of this case that will be read to the jury at the commencement of trial (NO

4  EXCEPTIONS).  The joint statement of the case shall include in plain concise language

5  the claims of Plaintiff and claims of other parties, if any, and the corresponding defenses

6  to the claims.  The purpose of the joint statement of the case is to inform the jury at the

7  outset, what the case is about.  The statement must be filed with the Court by **March 17,**

8  **2014**.

9  **VI.  PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

10      **A.  Jury Instructions**

11      The parties are directed to meet and confer and to attempt to agree upon a joint

12  set of jury instructions.  The parties shall use the Ninth Circuit Model Jury Instructions

13  and any revisions.  Alternate instruction or authority may only be used if a Ninth Circuit

14  Model Jury Instruction is unavailable.  Attached for the parties' review are the opening

15  and closing instructions for your use.  As stated in the Pretrial Order, the joint set of

16  instructions must be filed by **March 17, 2014** and shall be identified as the "Jury

17  Instructions Without Objection."

18      All instructions shall be, to the extent possible, concise, understandable, and free

19  from argument.  See Local Rule 163(c).  Parties shall also note that any modifications of

20  instructions from statutory authority, case law or from any form of pattern instructions

21  must specifically state the modification by underlining additions and bracketing deletions.

22      **B.  Verdict Form**

23      The parties must file a joint verdict form(s) concurrently with proposed jury

24  instructions by **March 17, 2014**.  If necessary, a special verdict or interrogatories shall be

25  included for all factual disputes submitted to the jury that must be resolved before

26  questions of law can be decided, and for any other issue on which specific responses

27  are desired.  See Local Rule 163(e).

28  ///

**C.      Voir Dire**

The parties shall submit proposed voir dire questions to the Court.  The Court reserves the right to conduct all examination of prospective jurors.  Notwithstanding this reservation, the Court will permit each side up to ten (10) minutes to conduct voir dire, if desired.  As stated in the Pretrial Order, the voir dire questions shall be filed with the Court by **March 17, 2014**.

**D.      Submission of Documents to the Court**

If available to the party, at the time of filing their respective proposed jury instructions, verdict form(s), and voir dire questions, the parties shall also electronically mail to the Court in digital format and compatible with Microsoft Word or WordPerfect, the proposed jury instructions and verdict form(s).  These documents should be sent to mceorders@caed.uscourts.gov.

**VII.    AUDIO/VISUAL EQUIPMENT**

The parties are required to file electronically a joint request to the Courtroom Deputy Clerk, Stephanie Deutsch, by **March 10, 2014** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

**VIII.   TRIAL BRIEFS**

As stated in the Pretrial Order, the parties shall file trial briefs not later than **March 17, 2014**.  The parties are directed to Local Rule 285 regarding the content of trial briefs.

**IX.     EVIDENTIARY AND/OR PROCEDURAL MOTIONS**

As stated in the Pretrial Order, any evidentiary or procedural motions ("motions in limine") are to be filed by **March 10, 2014**.  Oppositions must be filed by **March 17, 2014** and any reply must be filed by **March 17, 2014**.  The motions will be heard by the Court on the first day of trial.

///

///

5

**X.   DATE AND LENGTH OF TRIAL**

A jury trial is scheduled for **March 31, 2014**.  The estimated length of trial is three (3) days.  The trial will consist of seven (7) jurors.  Counsel are to email Stephanie Deutsch, Courtroom Deputy Clerk, at mceorders@caed.uscourts.gov, or call at (916) 930-4207, by **March 17, 2014** to ascertain the status of the trial date.

The Court will permit each side up to one (1) hour for closing arguments.  Plaintiff will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

IT IS SO ORDERED.

Dated:  February 10, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT