1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    DANNY MURPHY COSTON,              No.  2:10-cv-02009-MCE-EFB

12              Plaintiff,

13         v.                          **ORDER**

14    ANDREW NANGALAMA, et al.,

15              Defendants.

16

17         On February 28, 2014, Defendants Nangalama and Hale objected to this Court's

18    January 31, 2014, Final Pretrial Order, ECF No. 80.  Defendants request that the Court

19    continue the March 31, 2014, trial date due to Defendant Hale's deteriorating health or,

20    in the alternative, that it dismiss Hale from this action and proceed to trial against

21    Defendant Nangalama.  Def.'s Objections, ECF No. 86.  Defendants also seek to

22    augment their trial witness list to add a newly discovered trial witness.  Id.

23         Defendants previously advised the Court that Hale's physical condition made it

24    doubtful that he would attend the trial in this matter.  Def.'s Pretrial Statement, July 15,

25    2013, ECF No. 79 at 10.  However, Defendants now inform the Court that "Defendant

26    Hale's health ha[s] further deteriorated and [that] he has been declared mentally

27    incompetent by his treating physician."  ECF No. 86 at 3.  In support of their request for a

28    continuance, Defendants submitted a partially redacted letter from that physician, Dinesh

1

1    Mantri, M.D., which indicates that Hale was admitted to Oak River Rehab from the "acute

2    hospital" on February 20, 2014.  ECF No. 86-1 at 2.  Dr. Mantri states that "[u]pon

3    evaluation, [Hale] was declared incapable of understanding his rights, privileges, and

4    informed consent."  Id.  Defendants now ask that trial be continued "[d]ue to . . . Hale's

5    current inability to participate or cooperate in any way in his defense of the action."  Id.

6    Specifically, Defendants contend that Hale's due process rights are implicated by his

7    current inability to participate in his defense.  ECF No. 86 at 3.  Pursuant to Judge

8    Brennan's January 31, 2014 Pretrial Order, Plaintiff had fourteen days to respond to

9    Defendants' February 28, 2014 objections.  See ECF No. 80 at 15.  Defendants'

10   objections are currently unopposed.

11        The Court has substantial discretion to control its own calendar.  Danjaq LLC v.

12   Sony Corp., 263 F.3d 942, 960–61 (9th Cir. 2001).  The decision to grant or deny a

13   continuance of trial lies well within that discretion.  Rios-Barrios v. I.N.S., 776 F.2d 859,

14   862-863 (9th Cir. 1985).  In assessing the need for a continuance, four factors are

15   considered: (1) the requesting party's diligence in preparing his case for trial; (2) the

16   need for the continuance; (3) whether granting the continuance will inconvenience the

17   court and the opposing party, including its witnesses; and (4) the extent to which the

18   party requesting the continuance will suffer harm as a result of the district court's denial.

19   U.S. v. 2.61 Acres of Land, 791 F.2d 666, 670-71 (9th Cir. 1986).  None of these factors

20   is alone dispositive; absent a showing of prejudice to the requesting party, a district

21   court's refusal to grant a continuance will not be disturbed on appeal.  Id. at 671.

22        In light of counsel for Defendants' representations regarding Defendant Hale's

23   deteriorating health, the Court will exercise its discretion to grant a continuance, but

24   denies without prejudice Defendants' remaining requests.[1]  Although Defendants are

25        [1] The Court declines to address Defendants' request to dismiss Defendant Hale and to augment
26   their witness list to add Correctional Sgt. Dana Boggs.  Because the Court vacates the current trial date,
     these requests are instead DENIED without prejudice.  However, the Court notes that Defendants cited no
     authority and provided almost no factual basis in support of these requests.  Glaringly, counsel for
27   Defendants provided only a cursory explanation as to why Correctional Sgt. Dana Boggs should be added
     to their witness list at this stage in the proceedings.  See ECF No. 86 at 2 ("Upon my review of the case
28   file after I was recently assigned as trial counsel, I have discovered one additional trial witness who can

1    simultaneously attempting to augment their witness list, their request for a continuance

2    does not appear to be based on their lack of diligence in preparing the case for trial, but

3    rather on Defendant Hale's health and inability to participate in his defense.  At this time,

4    the potential prejudice faced by Defendant Hale because of his inability to participate in

5    any manner in his own defense outweighs the inconvenience to the Court and to

6    Plaintiff.  Thus, the March 31, 2014, jury trial in this matter, the Court's Supplemental

7    Pretrial Order (including the filing dates therein), ECF No. 81, and the Court's

8    February 21, 2014, Order and Writ of Habeas Corpus Ad Testificandum, ECF No. 83,

9    are VACATED.  By separate order, this Court will set a new trial date, as well as new

10   deadlines associated with that new trial date.[2]

11          However, because of the limited information provided to the Court with respect to

12   Defendant Hale's condition and the uncertainty of whether Defendant Hale's condition is

13   expected to improve within a reasonable period of time, the Court is unable to set that

14   trial date with confidence on the current record.  Accordingly, within thirty (30) days of

15   the electronic filing of this order, Defendants are ordered to submit a status report as to

16   Defendant Hale's condition and when Defendants expect that Defendant Hale will be

17   able to participate in his defense. [3]  At that time, if it remains Defendants' contention that

18

19   provide relevant testimony.").  Defendants did not explain why this witness was not disclosed earlier or
     provide any justification for including her at this late date.  The Court also DENIES without prejudice
     Defendants' Motion for Leave to Submit an Additional Trial Exhibit, ECF No. 89.  Defendants may (but are

20   not required to) renew some or all of these requests in a properly supported motion pursuant to Local Rule
     230(l).  If no renewed request is filed within thirty (30) days of the electronic filing of this order, these

21   requests will be denied with prejudice.  If Defendants renew all of some of their requests, not later than
     twenty-one (21) days after the date of service of Defendants' motion(s), Plaintiff must file, pursuant to

22   Local Rule 230(l), either an Opposition or a statement of non-Opposition.  Failure to file an opposition or to
     file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion

23   and may result in the imposition of sanctions.

24          [2] Because the Court vacates both the March 31, 2014 jury trial in this matter and the Court's
     Supplemental Pretrial Order (including the filing dates therein), ECF No. 81, Defendants' Motions in Limine

25   and Objections to Plaintiff's Trial Exhibits, ECF No. 88, and any other pending requests are DENIED
     without prejudice.  Plaintiff and Defendants must refile all papers in accordance with the new deadlines

26   that will be set by the Court.

27          [3] As Defendants may be aware, if appropriate under the circumstances, the Court may call
     witnesses via videoconference or via telephone that are unable to be physically present for trial.   Thus,

28   Defendant Hale need not be physically present in order for him to participate in his defense and testify at
     trial.

1    Defendant Hale is unable to participate in his defense, Defendants must also submit

2    further documentation to establish Defendant Hale's condition and show cause as to

3    why this case should not proceed to trial on the next available date, as well as

4    supplemental briefing citing to relevant authority as to exactly how Defendant Hale's due

5    process rights are implicated in this matter.  Specifically, Defendants should address

6    how and whether Defendant Hale's due process rights prevent the Court from

7    proceeding with trial without his full or limited participation within a reasonable amount of

8    time.  Plaintiff may file an optional reply to Defendants' status report and supplemental

9    briefing within twenty-one (21) days of Defendants' filing.

10            Accordingly, IT IS HEREBY ORDERED that:

11            1.  The Order and Writ of Habeas Corpus Ad Testificandum, ECF No. 83, for

12    Plaintiff Danny Murphy Coston, CDCR inmate # D-86227, issued by this Court on

13    February 21, 2014, is VACATED;

14            2.  The Clerk of the Court is directed to serve by mail three (3) certified copies of

15    this order on the Warden of Corcoran State Prison, P.O. Box 8800, Corcoran, California

16    93212-8309;

17            3.  The Clerk of the Court is directed to serve a courtesy copy of this order on the

18    Out-To-Court Desk;

19            4.  The Clerk of the Court shall send a courtesy copy of this Order by fax to the

20    litigation coordinator of Corcoran State Prison at (559)-992-7372;

21            5.  The March 31, 2014 jury trial in this matter and the Court's Supplemental

22    Pretrial Order (including the filing dates therein), ECF No. 81, are VACATED;

23            6.  Defendants are ORDERED to file a status report as to Defendant Hale's

24    condition and supplemental briefing as outlined in this Order within thirty (30) days of the

25    electronic filing of this order.  Plaintiff may file an optional reply to Defendants' status

26    report and supplemental briefing within twenty-one (21) days of Defendants' filing;

27            7.  Defendants' requests to dismiss Defendant Hale, to augment their witness list,

28    and for leave to submit an additional trial exhibit, ECF No. 89, are DENIED WITHOUT

4

1   PREJUDICE.  Defendants may (but are not required to) renew some or all three of these

2   requests in a properly supported motion pursuant to Local Rule 230(l).  If no renewed

3   request is filed within thirty (30) days of the electronic filing of this order, these three

4   requests will be denied with prejudice; and

5         8.  Defendants' Motions in Limine and Objections to Plaintiff's Trial Exhibits, ECF

6   No. 88, are DENIED without prejudice.  Defendants must refile these motions in

7   accordance with the new deadlines that will be set by separate order.

8         IT IS SO ORDERED.

9   Dated:  March 17, 2014

10

11

12   _____
     MORRISON C. ENGLAND, JR., CHIEF JUDGE
13   UNITED STATES DISTRICT COURT