UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MURPHY COSTON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW NANGALAMA, et al.<br><br>Defendants. | No. 2:10-cv-02009 MCE-EFB P<br><br>**SECOND SUPPLEMENTAL PRETRIAL ORDER** |

The Court is in receipt of Defendants' April 15, 2014 Status Report in which Defendants' counsel reported that Defendant Hale can now adequately participate in his defense. See ECF No. 108 at 2. Defendants also requested that the jury trial in this matter be reset. Id. As set forth in this Order, a jury trial is now scheduled for **June 23, 2014.**[1]

///

///

///

---

[1] Plaintiff and Defendants filed documents pursuant to this Court's February 11, 2014 Supplemental Pretrial Order, ECF No. 81, in advance of the March 31, 2014 jury trial prior to this Court's Order vacating that trial date. See, e.g., ECF No. 88 (Defendants' Motion in Limine); ECF No. 105 (Plaintiff's Motions in Limine). All of those motions and requests were denied without prejudice to being refiled prior to the new trial date. See ECF Nos. 103 at 3 n. 2; 107. As set forth in this Court's March 17, 2014 Order, ECF No. 103, Plaintiff and Defendants must refile all papers in accordance with the deadlines set forth in this Order regardless of whether copies of such documents were previously filed with the Court.

1

The Court makes the following findings and orders which supplements the Court's Pretrial Order of January 31, 2014 ("Pretrial Order"), ECF No. 80:

I. **WITNESSES**

The witnesses the parties intend to call are listed in the Pretrial Order.[2]

As explained in this Court's March 17, 2014 Order, if appropriate under the circumstances, the Court may call witnesses via videoconference or via telephone that are unable to be physically present for trial. See ECF No. 103 at 3. Any request to appear remotely must be made by **May 23, 2014**.[3]

II. **EXHIBITS - SCHEDULES AND SUMMARIES**

The parties are ordered to follow the below guidelines when filing their exhibits listed in the Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendants. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)" to reduce confusion during the trial. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other. In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.

///

---

[2] On April 14, 2014, Defendants Ronald Hale and Andrew Nangalama filed a Motion to Augment Trial Witness and Exhibit Lists, ECF No. 109. Defendants seek to add an additional witness, Correctional Sgt. Dana Boggs, and an additional exhibit, Rules Violation Report No. A/S-08-03-007 (CDC 115). See ECF No. 109. Defendants' Motion was filed pursuant to Local Rule 230(l) which gives the responding party twenty-one (21) days to file an opposition or statement of non-opposition. Pursuant to Local Rule 230(l), Defendants' Motion, ECF No. 109, will be deemed submitted once the time to reply has expired.

[3] An Amended Writ of Habeas Corpus Ad Testificandum to allow Plaintiff Danny Murphy Coston, CDCR inmate # D-86227, to attend trial is forthcoming.

The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

    A.    No other exhibits will be permitted to be introduced unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence, or

        (2)    The exhibit was discovered after the pretrial statements were filed and the proffering party makes the showing required in paragraph "B", below.

    B.    Upon the post-pretrial discovery of exhibits, the parties shall promptly inform the Court and opposing party of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The Court and opposing parties were promptly informed of their existence;

        (3)    The proffering party forwarded a copy of the exhibit(s) (if physically possible) to opposing parties. If the exhibit(s) may not be copied, the proffering party must show that the exhibit(s) were made reasonably available for inspection by opposing party.

    C.    The parties are ordered to exchange copies of all their exhibits and exhibit list by **June 2, 2014**. Each party is directed to present the original and two (2) copies of the exhibit(s) and exhibit list to the Court Clerk's Office by **June 2, 2014**.

    D.    If available to the party, the Court's copies of the exhibits shall be presented in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panels.

    E.    Each party will file any objections to exhibits by **June 9, 2014**. Each exhibit not previously objected to will be forthwith received into evidence.

**III.  DISCOVERY DOCUMENTS**

    **A.  Filing Depositions**

It is the duty of the parties to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court. In addition, two unmarked copies of the transcripts must be delivered to the Court Clerk's Office. The parties are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

    **B.  Use of Depositions**

The parties are ordered to file with the Court and exchange between themselves by **June 9, 2014** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

    **C.  Interrogatories**

The parties are ordered to file with the Court and exchange between themselves by **June 9, 2014** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

**IV.  FURTHER DISCOVERY OR DISCOVERY MOTIONS**

Pursuant to the Court's Scheduling Order, all discovery and law and motion was to have been completed. The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

///
///
///
///
///
///
///

## V. AGREED STATEMENTS - JOINT STATEMENT OF CASE

It is mandatory the parties shall file a short, jointly-prepared statement concerning the nature of this case that will be read to the jury at the commencement of trial (NO EXCEPTIONS). The joint statement of the case shall include in plain concise language the claims of Plaintiff and claims of other parties, if any, and the corresponding defenses to the claims. The purpose of the joint statement of the case is to inform the jury at the outset, what the case is about. The statement must be filed with the Court by **June 9, 2014**.

## VI. PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

### A. Jury Instructions

The parties are directed to meet and confer and to attempt to agree upon a joint set of jury instructions. The parties shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. Attached for the parties' review are the opening and closing instructions for your use. As stated in the Pretrial Order, the joint set of instructions must be filed by **June 9, 2014** and shall be identified as the "Jury Instructions Without Objection."

All instructions shall be, to the extent possible, concise, understandable, and free from argument. See Local Rule 163(c). Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.

### B. Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions by **June 9, 2014**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. See Local Rule 163(e).

///

**C.     Voir Dire**

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Notwithstanding this reservation, the Court will permit each side up to ten (10) minutes to conduct voir dire, if desired. As stated in the Pretrial Order, the voir dire questions shall be filed with the Court by **June 9, 2014**.

**D.     Submission of Documents to the Court**

If available to the parties, at the time of filing their respective proposed jury instructions, verdict form(s), and voir dire questions, the parties shall also electronically mail to the Court in digital format and compatible with Microsoft Word or WordPerfect, the proposed jury instructions and verdict form(s). These documents should be sent to mceorders@caed.uscourts.gov.

**VII.   AUDIO/VISUAL EQUIPMENT**

If available to the parties, the parties are required to file electronically a joint request to the Courtroom Deputy Clerk, Stephanie Deutsch, by **June 2, 2014** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

**VIII.  TRIAL BRIEFS**

As stated in the Pretrial Order, the parties shall file trial briefs not later than **June 9, 2014**. The parties are directed to Local Rule 285 regarding the content of trial briefs.

**IX.    EVIDENTIARY AND/OR PROCEDURAL MOTIONS**

As stated in the Pretrial Order, any evidentiary or procedural motions ("motions in limine") are to be filed by **June 2, 2014**. Oppositions must be filed by **June 9, 2014** and any reply must be filed by **June 16, 2014**. The motions will be heard by the Court on the first day of trial.

///

**X.   DATE AND LENGTH OF TRIAL**

A jury trial is scheduled for **June 23, 2014**. The estimated length of trial is three (3) days. The trial will consist of seven (7) jurors. Counsel are to email Stephanie Deutsch, Courtroom Deputy Clerk, at mceorders@caed.uscourts.gov, or call at (916) 930-4207, by **June 9, 2014** to ascertain the status of the trial date.

The Court will permit each side up to one (1) hour for closing arguments. Plaintiff will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

IT IS SO ORDERED.

Dated: May 2, 2014

*[Signature]*

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT