UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MURPHY COSTON, | No. 2:10-cv-02009-MCE-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ANDREW NANGALAMA, et al., | |
| Defendants. | |

Plaintiff Danny Murphy Coston ("Plaintiff") is an inmate at California State Prison, Corcoran, proceeding without counsel in a civil rights action brought under 42 U.S.C. § 1983. Plaintiff asserts that Defendants Andrew Nangalama and Ronald Hale (collectively "Defendants") were deliberately indifferent to his medical needs by discontinuing his morphine prescription on March 18, 2008, while he was housed at California State Prison, Sacramento ("CSP-Sac"). Compl., ECF No. 1.[1] On April 15, 2014, Defendants moved to augment their trial witness and exhibit lists. Mot., ECF No. 109.[2] Plaintiff filed an untimely opposition. ECF No. 117. For the following reasons, Defendants' Motion is GRANTED.

---

[1] On March 29, 2013, summary judgment was granted in favor of defendants Duc, Bal, Berchtold and Brimhall. ECF No. 73.

[2] Defendants' Motion, ECF No. 109, was submitted on the briefs without oral argument. See E.D. Cal. Local R. 230(l).

1

## BACKGROUND

On January 21, 2014, Judge Brennan issued a Pretrial Order, and trial in this matter was set for March 31, 2014.  See ECF No. 80.  On February 28, 2014, Defendants requested a continuance due to Defendant Hale's deteriorating health.  ECF No. 86.  Defendants also requested to augment their witness list to include Sgt. Dana Boggs and moved for leave to submit an additional trial exhibit.  See ECF Nos. 86, 89.  The Court vacated the trial date, but denied without prejudice Defendants' other requests because Defendants did not provide sufficient support at that time.  See Order, ECF No. 103.  Defendants were permitted to renew these requests in a properly supported motion pursuant to Local Rule 230(l).  See id.  On April 15, 2014, Defendants re-filed their requests in a noticed motion that is now before this Court.  ECF No. 109.

## STANDARD

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court.  Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause."  Fed. R. Civ. P. 16(b).  However, once a district court has issued a pretrial order, modifications to the order are allowed "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).  To determine manifest injustice, the Ninth Circuit has instructed district courts to consider four factors: (1) the degree of prejudice or surprise to the nonmoving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking modification.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir.2012).  "It is the

2

moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998).

In addition, as explained in this Court's Supplemental Pretrial Orders, upon the post-pretrial discovery of exhibits, the parties shall promptly inform the Court and opposing party of the existence of such exhibits so that the Court may consider their admissibility at trial. ECF Nos. 81, 112. However, the exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered earlier; (2) the Court and opposing parties were promptly informed of their existence; and (3) the proffering party forwarded a copy of the exhibit(s) to the opposing party.

## ANALYSIS

The Court issued a Pretrial Order on January 31, 2014 and a Supplemental Pretrial Order on February 11, 2014. See ECF Nos. 80-81.[3] As a result, Defendants' motion to augment their exhibit and trial witness lists is allowed "only to prevent manifest injustice" and is evaluated according to the four factors articulated in Hunt v. County of Orange.

**A.    Defendants' Motion to Augment their Exhibit List**

According to Defendants, although counsel was aware of and in possession of a Rules Violation Report involving Plaintiff's unauthorized possession of morphine on March 18, 2008, prior to March 7, 2014, counsel was not aware of a separate Rules Violation Report from March 8, 2008 ("March 8, 2008 report" or the "Report"). Mot., ECF No. 109 at 3. The March 8, 2008, report documents "Plaintiff Coston's possession of a controlled substance (Morphine) and Plaintiff's attempt to pass a magazine to another

---

[3] Due to a change in the trial date, the Court issued a Second Supplemental Pretrial Order on May 5, 2014. ECF No. 112. A Third Supplemental Pretrial Order is forthcoming.

3

inmate with Morphine pills taped inside." Id. at 3-4. As a result, "[u]pon learning of this existence of this report, defense counsel . . . immediately requested a copy of the report which was provided to her on the same day, Friday, March 7, 2014. Promptly after discovery and review of the 3/08/08 report, [Defense counsel] filed and served a request to augment the trial exhibit list to add the 3/08/08 Rules Violation Report on Monday, March 10, 2014 and included the 3/08/08 Rules Violation Report as an attachment." Id. at 4.[4] Defendants now request that the Court permit them to add the March 8, 2008, report to their exhibit list.

Plaintiff objects to the inclusion of the March 8, 2008, report on the grounds that it is "completely irrelevant and risks undo prejudice, confusion of issue and is misleading." Opp'n, ECF No. 117 at 3. Plaintiff requests that the Court exclude the proposed exhibit in its entirety. Id.

Defendants' request is granted. In light of the fact that Plaintiff attended a Rules Violation hearing on July 24, 2008 after which he received a copy of the report at issue, there should be little, if any, surprise or prejudice to Plaintiff. See ECF No. 109-1. In addition, Plaintiff received another copy of the Report from Defendants as part of Defendants' March 10, 2014, initial request. See ECF No. 89-1. The inclusion of the March 8, 2008, report will not affect the orderly and efficient conduct of the case because the trial in this matter will not take place until February 2, 2015. Finally, there does not appear to be any degree of willfulness or bad faith on the part of Defendants in seeking this modification. To the extent that Plaintiff continues to object to the Report on the grounds that its probative value is substantially outweighed by unfair prejudice or confusion or that it threatens to mislead the jury, Plaintiff may renew these objections in a motion in limine prior to trial. Defendants' request to augment their trial exhibit list to include the March 8, 2008 report is GRANTED.[5]

---

[4] As explained above, Defendants' initial March 10, 2014 request was denied without prejudice. See ECF No. 103.

[5] Judge Brennan's January 31, 2014 Pretrial Order directed Plaintiff to file an amended exhibit list within 30 days of the date that Order was issued. See ECF No. 80 at 11. On March 3, 2014, Plaintiff filed

**B.     Defendants' Motion to Augment their Trial Witness List**

Defendants also seek to add Correctional Officer (now Sgt.) Dana Boggs to their witness list even though he was not listed on their pretrial statement and therefore not included in Judge Brennan's January 30, 2014, Pretrial Order, ECF No. 80.  Defendants assert that Defendants' prior counsel prepared the pretrial statement and included the Rules Violation Report from the March 18, 2008, incident on the exhibit list, but unintentionally omitted the author of that report, Correctional Sgt. Dana Boggs, from the trial witness list.  Mot., ECF No. 109 at 5.  According to Defendants, "Sgt. Dana Boggs [is] needed to provide relevant testimony regarding the March 18, 2008 incident that directly led to the discontinuance of Plaintiff's Morphine."  Id.

Plaintiff objects to Defendants' requests on the grounds that Sgt. Boggs' testimony will not be relevant to the determination of whether Defendants Hale and Nangalama were deliberately indifferent to his medical needs by discontinuing his morphine prescription on March 18, 2008.  Opp'n, ECF No. 117 at 3-5.

Because Sgt. Boggs' testimony appears to be relevant to Plaintiff's claims and Defendants' defense in this action, the Court finds that there is good cause to grant Defendants' request.  In addition, because Plaintiff received a copy of Sgt. Boggs's report, there should be little surprise or prejudice to Plaintiff.  However, because of Sgt. Boggs' late addition to Defendants' witness list, the Court re-opens discovery in this matter for 60 (sixty) days, limited solely to Sgt. Boggs.[6]  As above, the inclusion of Sgt. Boggs on Defendants' witness list and the limited re-opening of discovery will not affect the orderly and efficient conduct of the case because the trial in this matter will not take place until February 2, 2015.  Finally, there does not appear to be any degree of

---

an Amended Exhibit List.  ECF No. 87.  On March 14, 2014, Plaintiff filed a document titled "Supplemental Exhibits and List."  ECF No. 99.  Because Plaintiff did not move to supplement his exhibit list, the Court questions whether Plaintiff's supplemental list is properly before the Court.

[6] All other discovery in this matter closed as of January 6, 2012.  See ECF Nos. 44, 80.  If the parties have any discovery disputes, they must comply with all pertinent rules including Rules 5, 7, 11, 26 and 37 of the Federal Rules of Civil Procedure and Local Rules 110, 130, 131, 134-136, 142 and 230(l).  See ECF No. 44.

willfulness or bad faith on the part of Defendants in seeking this modification. To the extent that Plaintiff continues to object to Sgt. Boggs' testimony on the grounds that it is not relevant, Plaintiff may renew this objection in a motion in limine prior to trial. Defendants' Motion to Augment their Trial Witness List is GRANTED.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Augment Trial Witness and Exhibit List, ECF No. 109, is GRANTED;

2. Discovery in this matter is RE-OPENED for a period of sixty (60) days following the electronic filing of this order, subject to the limitations set forth in this Order; and

3. The jury trial in this matter is set for February 2, 2015. A Third Supplemental Pretrial Order will be forthcoming.

IT IS SO ORDERED.

Dated: June 24, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT