1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   DANNY MURPHY COSTON,                        No.  2:10-cv-02009-MCE-EFB P

12              Plaintiff,

13        v.                                     **MEMORANDUM AND ORDER**

14   ANDREW NANGALAMA, M.D., et al.,

15              Defendants.

16

17        Plaintiff Danny Murphy Coston ("Plaintiff"), a state prisoner proceeding pro se,

18   filed a civil rights action against Defendants Andrew Nangalama, M.D., ("Nangalama")

19   and Ronald Hale, L.V.N., ("Hale") (collectively "Defendants") alleging that Defendants

20   failed to provide medical treatment in violation of his Eighth Amendment rights under

21   42 U.S.C. § 1983.  On February 2, 2015, following the close of Plaintiff's case-in-chief,

22   this Court granted Defendants' Motion pursuant to Federal Rule of Civil Procedure 50

23   and dismissed this case.  ECF No. 143.  Currently before the Court is Plaintiff's Motion to

24   Amend or Alter the Judgment, Motion to Set Aside the Judgment, and Motion for a New

25   Trial.  ECF No. 144.  For the reasons set forth below, Plaintiff's Motions are DENIED.

26   ///

27   ///

28   ///

                                              1

1

2

**BACKGROUND**

3       On July 28, 2010, Plaintiff filed a Complaint (ECF No. 1) naming Nangalama,

4  Hale, and various other staff members of California State Prison, Sacramento, as

5  Defendants.  At the time of trial, only Nangalama and Hale remained parties to this

6  action.  Plaintiff alleged that Defendants violated his civil rights under 42 U.S.C. § 1983

7  because they were deliberately indifferent to Plaintiff's medical needs when they

8  discontinued his Morphine prescription "cold turkey" after Plaintiff was caught passing

9  Morphine pills to other inmates and hoarding 25 days' worth of Morphine in his cell.  At

10  the close of Plaintiff's case-in-chief, this Court granted Defendants' Rule 50 motion,

11  concluding that Plaintiff presented no evidence at trial to establish that Defendants were

12  deliberately indifferent to any serious medical needs.

13

14

**ANALYSIS**

15

16  **A.  Defendants' Rule 50 Motion Was Not Granted in Clear Error Because**
17  **Plaintiff Failed to Establish the Necessary Elements to Succeed on a**
     **§ 1983 Claim.**

18       "A district court has considerable discretion when considering a motion to amend

19  a judgment under Rule 59(e)."  Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d

20  1058, 1063 (9th Cir. 2003).  "[A] motion for reconsideration should not be granted,

21  absent highly unusual circumstances, unless the district court is presented with newly

22  discovered evidence, committed clear error, or if there is an intervening change in the

23  controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d

24  873, 880 (9th Cir. 2009) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665

25  (9th Cir. 1999)).  A Rule 59(e) motion should not be used to raise arguments or present

26  evidence that could have reasonably been raised or presented earlier.  Id. (citing Kona

27  Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  Additionally, Local

28  Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new

1    or different facts or circumstances are claimed to exist which did not exist or were not

2    shown upon such prior motion, or what other grounds exist for the motion," and "why the

3    facts or circumstances were not shown at the time of the prior motion."

4        Plaintiff contends that the Court erroneously granted Defendants' Rule 50 motion

5    at the close of Plaintiff's case-in-chief.  Federal Rule of Civil Procedure 50(a) provides:

6        (1) If a party has been fully heard on an issue during a jury
     trial and the court finds that a reasonable jury would not have
7        a legally sufficient evidentiary basis to find for the party on
     that issue, the court may:
8
9        (A) resolve the issue against the party; and

10       (B) grant a motion for judgment as a matter of law against the
     party on a claim . . . that, under the controlling law, can be
11       maintained . . . only with a favorable finding on that issue.

12       As the rule itself indicates, "[j]udgment as a matter of law is appropriate when the

13   evidence presented at trial permits only one reasonable conclusion."  Santos v. Gates,

14   287 F.3d 846, 851 (9th Cir. 2002).  Thus, "the court is permitted to take a case away

15   from the jury by entering a judgment if there is not sufficient evidence to raise a genuine

16   factual controversy."  Tijani v. Blanas, No. 2:00-cv-00069-RRB-EFB, 2007 WL 1139408,

17   at *1 (E.D. Cal. Apr. 17, 2007).

18       Since no new evidence or a change of controlling law has been offered, Plaintiff

19   essentially contends that the Court committed clear error when it found that the evidence

20   presented during trial was insufficient to substantiate the allegations that Defendants

21   were deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff's complaint

22   identified two areas in which he alleged the Defendants' care was deficient: (1) by

23   discontinuing Plaintiff's Morphine prescription "cold turkey" after Plaintiff was found

24   hoarding the medication in his cell, and (2) by Defendants' failure or refusal to provide

25   Plaintiff alternative pain medication.  Compl., ECF No. 1, at 11-13.  Consistent with this

26   Court's previous determination, no reasonable jury could find that Defendants' alleged

27   actions rose to the requisite level of deliberate indifference for Plaintiff to succeed on his

28   § 1983 claim.

1      In order to recover under § 1983 for the deprivation of a citizen's Due Process

2   rights, a plaintiff must prove that: (1) a government employee (2) was subjectively aware

3   (3) of a serious medical need and (4) acted with deliberate indifference.  Estelle v.

4   Gamble, 429 U.S. 97, 104-06 (1976); Simmons v. Navajo Cnty., 609 F.3d 1011, 1017-18

5   (9th Cir. 2010).  A medical need is serious if failure to treat it will result in "further

6   significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner,

7   439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

8   (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d

9   1133, 1136 (9th Cir. 1997) (en banc)).  A prison official is deliberately indifferent to that

10   need if he "knows of and disregards an excessive risk to inmate health or safety."

11   Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To be liable, "the official must both be

12   aware of facts from which the inference could be drawn that a substantial risk of serious

13   harm exists, and he must also draw the inference."  Id.  Even if a prison official "should

14   have been aware of the risk, but was not, then [the official] has not violated the Eighth

15   Amendment, no matter how severe the risk."  Gibson v. Cnty. of Washoe, 290 F.3d

16   1175, 1188 (9th Cir. 2002).

17      Additionally, when a physician is implicated under a deliberate indifference claim,

18   a plaintiff must show that "the course of treatment the doctors chose was medically

19   unacceptable under the circumstances" and that the treatment was chosen "in conscious

20   disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330,

21   332 (9th Cir. 1996).  If a delay in treatment is alleged as the basis for the claim, the

22   inaction will only constitute an Eighth Amendment violation if the delay is shown to have

23   caused the plaintiff substantial harm.  Wood v. Housewright, 900 F.2d 1332, 1335

24   (9th Cir. 1990).

25      As to the Defendants' knowledge of Plaintiff's alleged condition, Plaintiff claims he

26   filed a Request for Medical Care five days after his Morphine prescription was

27   discontinued.  ECF No. 1 at 9:24; Yokley Decl., ECF No. 56-4, Ex. 24, at ¶ 4.

28   Defendants contend that they have no documentation of this request, and a subpoena of

1   Plaintiff's medical records did not produce such a document, indicating it was not

2   received in the medical department.  See Medina v. Chen, No. 1:10-cv-00683-DLB-PC,

3   2013 WL 753347, at *8 (E.D. Cal. Feb. 27, 2013) (holding that sending a letter does not

4   support a presumption of knowledge, and that plaintiff must affirmatively allege that

5   Defendant received the letter and knew of its contents to prove an Eighth Amendment

6   violation).  Thus, this alleged request is not enough to establish Defendants' knowledge.

7          Plaintiff also alleged that the day after his Morphine prescription was

8   discontinued, he verbally alerted Defendant Hale of his need for pain relief, and that

9   Hale responded, "Yeah! You don't look well at all inmate Coston," and that Hale

10  subsequently laughed and walked away.  Hale disputes that this incident occurred.

11  Regardless, even if this statement is taken as true, it is insufficient to prove deliberate

12  indifference.  It was undisputed that when this alleged conversation occurred, Plaintiff

13  had not requested an appointment to be seen by prison medical staff.  Plaintiff's

14  testimony during trial established that he was aware of the appropriate administrative

15  steps he must take in order to seek a medical appointment.  Hale was not required to

16  take immediate action because Plaintiff told him he "was not feeling so good" as Hale

17  was passing by Plaintiff's cell on his way to visit another inmate.  Wood, 900 F.2d at

18  1335 (holding that a several day delay when an inmate's condition does not require

19  emergency attention is insufficient to amount to deliberate indifference).  Plaintiff failed to

20  establish any facts during trial to indicate that a delay in treatment resulted in substantial

21  harm, or that his condition at that time amounted to an emergency.  Id.  Thus, Hale's

22  alleged initial disregard of a verbal complaint was inadequate to allow a jury to find that

23  Hale acted with deliberate indifference.  See also Oltarzewski v. Ruggiero, 830 F.2d 136,

24  139 (9th Cir.1987) ("[v]erbal harassment or abuse . . . is not sufficient to state a

25  constitutional deprivation under 42 U.S.C. § 1983") (quoting Collins v. Cundy, 603 F.2d

26  825, 827 (10th Cir.1979)).

27         Additionally, Plaintiff presented no evidence in his case in chief that discontinuing

28  a Morphine prescription was "medically unacceptable under the circumstances"

1   (circumstances that would include Plaintiff failing to take the medication previously and

2   having substitute pain medication available) and that that Defendants' actions were done

3   "in conscious disregard of an excessive risk to [a] plaintiff's health." Jackson, 90 F.3d at

4   332. See Vlasich v. Neubarth, No. 1:07-cv-1760-SMM, 2009 WL 4673903, at *5 (E.D.

5   Cal. Dec. 4, 2009) (holding that plaintiff's experience of withdrawal symptoms for a few

6   days did not result in any permanent physical injury, and defendant's lack of knowledge

7   of those symptoms precluded plaintiff's recovery under his § 1983 deliberate indifference

8   claim).

9          Plaintiff did not dispute that during the four months following the discontinuation of

10   his Morphine prescription Plaintiff was prescribed Gabapentin and Salsalate (ECF

11   No. 56-4, Exs. 4, at 22), Ibuprofen (ECF No. 56-4, Exs. 5, at 22), Celebrex (Decl. of

12   Nangalama, ECF No. 56-4, Ex. 22, at ¶ 23), and Phenergen (ECF No. 56-4, Ex. 11), all

13   of which assisted with pain and any potential opiate withdrawal symptoms.  It was

14   similarly established during the trial that Plaintiff was seen by multiple (non-defendant)

15   physicians following his removal from Morphine and that these physicians also denied

16   any additional pain medication.  ECF No. 56-4, Exs. 10, 11, 14, 17, 18, 22.  These facts

17   directly contradicted Plaintiff's assertion that it was "medically unacceptable" for

18   Defendants to decline to provide additional pain management.  See Toguchi v. Chung,

19   391 F.3d 1051, 1058 (9th Cir. 2004) (holding that "a mere difference of medical

20   opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference").

21          In sum, the evidence presented at trial was insufficient to prove that the

22   Defendants were aware of and disregarded any immediate medical need of Plaintiff.

23   Instead, the evidence showed that Plaintiff continued to be prescribed multiple forms of

24   medication to combat any pain or withdrawal side effects, and that Plaintiff visited

25   several other physicians in the days following the discontinuation of his Morphine

26   prescription with no reported complaints of excessive pain or withdrawal symptoms.

27   ECF No. 56-4, Ex. 22.  When Plaintiff did exhibit possible withdrawal symptoms eleven

28   days after removal from Morphine, he was immediately taken to the emergency room

6

1    and was ultimately denied any additional form of pain relief by the (non-defendant)

2    physician.  ECF No. 56-4, Ex. 11.

3         Thus, Plaintiff has failed to allege any new facts to indicate that the granting of the

4    Rule 50 motion was made in error, and this Court adheres to its original decision that

5    Plaintiff failed to meet his burden in proving deliberate indifference such that a

6    reasonable jury could find in his favor.  Thus, judgment as a matter of law was warranted

7    and Plaintiff's Motion for Reconsideration is denied.

8         **B.    As Plaintiff has Failed to Prove that this Court Erred in Granting the
         Rule 50 Motion, Plaintiff's Rule 59(a) Motion to Set Aside and for a
9         New Trial Must Be Denied.**

10        Authority to grant a new trial is confided almost entirely to the exercise of

11   discretion on the part of the trial court.  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33,

12   36 (1980) (per curiam).  However, courts are "bound by those grounds that have been

13   historically recognized" for a new trial, including claims "that the verdict is against the

14   weight of the evidence, that the damages are excessive, or that, for other reasons, the

15   trial was not fair to the party moving."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729

16   (9th Cir. 2007).  It has been held that "[t]he trial court may grant a new trial only if the

17   verdict is contrary to the clear weight of the evidence, is based upon false or perjurious

18   evidence, or to prevent a miscarriage of justice."  Passantino v. Johnson & Johnson

19   Consumer Prods. Inc., 212 F.3d 493, 510 n.15 (9th Cir. 2000).

20        In ruling on a Rule 59(a) motion, "[t]he judge can weigh the evidence and assess

21   the credibility of witnesses, and need not view the evidence from the perspective most

22   favorable to the prevailing party."  Landes Const. Co. v. Royal Bank of Canada, 833 F.2d

23   1365, 1371 (9th Cir. 1973).  Additionally, "a stringent standard applies when the motion

24   is based on insufficiency of the evidence."  Venegas v. Wagner, 831 F.2d 1514, 1519

25   (9th Cir. 1987).  On this basis, a motion will be granted only if the verdict "is against the

26   great weight of the evidence."  E.E.O.C. v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.

27   1997) (internal quotation marks omitted).

28   ///

1    Plaintiff's Rule 59(a) Motion is based on his belief that he presented a legally

2   sufficient evidentiary basis to support his claim of deliberate indifference against

3   Defendants.  Mot. to Set Aside, ECF No. 144, at 2.  As the foregoing analysis has made

4   clear, Plaintiff's belief is mistaken and the decision to grant Plaintiff's Rule 50 motion was

5   proper.  Plaintiff's evidence was insufficient to establish that the Defendants had the

6   requisite knowledge to support a deliberate indifference claim, or that the Defendants'

7   chosen course of action was medically unacceptable under the circumstances.  For

8   those reasons, judgment on the Rule 50 motion in favor of the Defendants was not

9   against the clear weight of the evidence, nor did it amount to a miscarriage of justice.

10  Plaintiff's Motion for a New Trial is therefore denied.

11          **C.      Plaintiff's Objection Under Rule 16(e) Is Unmeritorious.**

12          Plaintiff's claim that he is entitled to a pretrial hearing under Rule 16(e) is

13  misguided.  The purpose of a pretrial order is to promote efficiency and conserve judicial

14  resources "by identifying the real issues prior to trial."  Fed. R. Civ. P. 16, Adv. Comm.

15  Notes to subd. (c) (1983).  Whether pretrial proceedings should be had "is a matter

16  resting in the sound discretion of the [Court]."  <u>Hayden v. Chalfant Press, Inc.</u>, 281 F.2d

17  543, 545 (9th Cir. 1960).  Thus, the Court's decision to not issue a pretrial order as to the

18  admissibility of Defendants' exhibits was discretionary.[1]

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  _____

    [1] Plaintiff contests Defendant's Exhibit AA, despite the fact that it was never formally moved into
26  evidence.  Additionally, Plaintiff argues that the admission of Exhibit K (ECF No. 109-2), regarding
    documents relating to Plaintiff's prison rule violations, was a violation of Federal Rule of Evidence ("FRE")
27  609.  Irrespective of the fact that Plaintiff was the one responsible for moving Exhibit K into evidence,
    which essentially ensured that no objection would be made, the reliance on FRE 609 is mistaken.  FRE
28  609 pertains to attacking a witness's character for truthfulness by evidence of a criminal conviction.
    Accordingly, since Exhibit K did not pertain to evidence of a criminal conviction, FRE 609 is inapplicable.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Amend or Alter the Judgment and Motion to Set Aside the Judgment and for a New Trial (ECF No. 144) are DENIED.

IT IS SO ORDERED.

Dated:  March 25, 2015

_____

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9