UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MURPHY COSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW NANGALAMA, M.D., et al.,<br><br>　　　　Defendants. | No. 2:10-cv-02009-MCE-EFB P<br><br>**ORDER** |

　　　On July 28, 2010, Plaintiff Danny Murphy Coston ("Plaintiff"), a state prisoner proceeding pro se, filed the present civil rights action against Defendants Andrew Nangalama, M.D., ("Nangalama") and Ronald Hale, L.V.N., ("Hale") (collectively "Defendants"). Plaintiff alleges that Defendants failed to provide medical treatment in violation of his Eighth Amendment rights under 42 U.S.C. § 1983. On February 2, 2015, following the close of Plaintiff's case-in-chief at trial, this Court granted Defendants' Motion pursuant to Federal Rule of Civil Procedure 50 and dismissed this case. ECF No. 143. On March 2, 2015, Plaintiff appealed that dismissal (ECF No. 147) and by Memorandum filed September 21, 2016, the Ninth Circuit vacated the judgment in Defendants' favor, and remanded for further proceedings, on grounds that this Court failed to provide Plaintiff with a Rule 50(a) notice prior to dismissal. ECF No. 157.

1

The matter is now scheduled for a second, two-day jury trial to commence on November 13, 2018 in accordance with the Court's Fourth Supplemental Pretrial Order filed January 30, 2018. ECF No. 161. On August 20, 2018, some seven months after that Fourth Supplemental Pretrial Order was issued, and more than eight years after this case was originally filed on July 28, 2010, Plaintiff has moved to amend his complaint, purportedly under the auspices of Federal Rule of Civil Procedure 15, to add Sgt. Dana Boggs as an additional defendant. That Motion (ECF No. 171) is presently before the Court for adjudication.

Rule 15(a), under which Plaintiff's Motion is brought, provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The policy of favoring amendments to pleadings, as evinced by Rule 15(a), "should be applied with extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Once a district court has filed a pretrial scheduling order pursuant to Rule 16, however, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Here, the Court's Initial Scheduling Order was filed September 15, 2011, (ECF No. 44) and, as indicated above, the most recent Supplemental Pretrial Order was filed on January 30, 2018. Once a scheduling order has been issued, which here occurred more than seven years ago, the Court can modify its scheduling order only upon a showing of "good cause." See Fed. R. Civ. P. 16(b).[1]

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

////

---

[1] The Court notes that once a Final Pretrial Conference has been conducted to formulate a trial plan, including a plan to facilitate the admission of evidence, a Final Pretrial Order issued after such a conference can be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Here, because the Court does not conduct formal Final Pretrial Conferences in prisoner cases like this one, the present motion will be analyzed only under the less rigorous "good cause" standard.

> [A] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end."

Id. (citations omitted).

Factually, this case stems from the discovery of more than 50 morphine pills in Plaintiff's cell by Sgt. Dana Boggs on March 18, 2008. After concluding that Plaintiff was hoarding his prescribed morphine in order to pass the drug on to another inmate, the prison doctor, Defendant Nangalama, along with Defendant Hale discontinued Plaintiff's morphine prescription. Plaintiff claims he thereafter went into drug withdrawal and that Defendants consequently failed to provide medical treatment in violation of his Eighth Amendment rights.

While Plaintiff's initial complaint, filed on July 28, 2010, mentions Sgt. Boggs' involvement in finding the hoarded morphine, it does not purport to include Boggs as a defendant. Under the terms of the initial Scheduling Order issued on September 15, 2011, any motions to amend had to be filed not later than January 6, 2012. ECF No. 44. While Plaintiff did subsequently file a Motion to Amend on December 9, 2011 (ECF No. 45), and while that Motion was ultimately denied (ECF No. 50), Plaintiff's Motion did not seek to add Boggs as a defendant. Now, more than eight years after the complaint was filed and after this matter has already proceeded to trial once, Plaintiff seeks to amend his complaint to add Sgt. Boggs as a party to this lawsuit. As indicated above, he is permitted to do so only if he can demonstrate diligence in not moving to amend sooner.

Plaintiff has not even attempted to meet that standard, and the facts of this matter demonstrate that he cannot do so. Plaintiff has known of Sgt. Boggs' involvement in this matter from the onset, and moved to amend his complaint nearly seven years ago but failed to request Boggs' inclusion as a defendant. Under those circumstances, and

3

given the time period that have elapsed from both the 2010 filing of the complaint and Plaintiff's deadline for moving to amend in 2012, Plaintiff cannot now be deemed diligent in moving to amend.  Significantly, too, prior to the initial 2015 trial in this matter, after Defendants moved to include their witness list to include Sg. Boggs, and after the Court re-opened discovery limited solely to Sgt. Boggs, Plaintiff filed a motion in limine to exclude Sgt. Boggs from testifying on the ground he was "irrelevant to this case."  ECf No. 130, 5:5-6.

    For all these reasons, Plaintiff's Request for Leave to Amend Complaint (ECF No. 171) is DENIED.

    IT IS SO ORDERED.

Dated:  October 24, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE