UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY MURPHY COSTON,

Plaintiff,

v.

ANDREW NANGALAMA, et al.,

Defendants.

No. 2:10-cv-02009-MCE-EFB-PC

**ORDER**

Following a jury trial that resulted in a verdict for Defendants, this pro se prisoner action was closed on November 16, 2018. Plaintiff has filed a Motion to Set Aside the Verdict, Order a New Trial and/or Alter the Judgment under Federal Rule of Civil Procedure 59(a) and (e). ECF No. 194.

Rule 59(a)(1) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." Id. "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other

1

reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)).

Here, Plaintiff seeks a new trial on three grounds. First, Plaintiff claims Ninth Circuit Model Instruction 9.27 (given as Jury Instruction No. 11) was improper. Plaintiff then argues that the jury verdict was against the weight of the evidence. Finally, Plaintiff contends the Court provided unfair explanations to the jury concerning the availability of Defendants Nangalama and Hale on the second day of trial. Those contentions lack merit.

Turning first to the alleged instructional error, Jury Instruction No. 11 informed the jury that in determining whether Plaintiff's rights were violated, they should defer to prison officials in their "adoption and execution of policies and practices that in their judgment [were] needed to preserve discipline and to maintain internal security." Plaintiff correctly notes that this instruction should be given only when there is a plausible connection between the conduct challenged and a "security-based policy." Chess v. Dovey, 790 F.3d 961, 964 (9th Cir. 2015). The factual circumstances of this case, however, justified the instruction. Here, Defendants discontinued Plaintiff's morphine prescription only after discovering that Plaintiff had attempted to pass pills to another inmate and had secreted some 50 pills in his own cell. Not surprisingly, testimony was presented that the hoarding of narcotic medications was in violation of prison policy, particularly since it could not only subject the hoarder to overdose but also put other inmates at risk. Therefore, the instruction was proper.

Second, with respect to the sufficiency of evidence, as indicated above, the jury heard evidence that Plaintiff had hoarded 50 pills and consequently was not taking the medication as prescribed (having missed some 25 days of doses). That noncompliance was the reason the prescription was terminated, and by inference the missing doses

would seem to go to Plaintiff's alleged dependence in the first instance. Nonetheless, the jury also heard evidence that Plaintiff was in fact given medication to assist in withdrawal symptoms (Gabapentin and Ibuprofen) as well as other meds (Promethazine and Phenergen) for nausea. Given all these circumstances, a finding that Defendants were not deliberately indifferent was not contrary to the weight of the evidence.

Plaintiff's final argument pertains to what the Court told the jury when both Dr. Nangalama and Officer Hale were excused. In Dr. Nangalama's case, he left the courtroom after being called to assist with the Camp Fire, a deadly wildfire in Northern California. Officer Hale, for his part, received a call that his mother was hospitalized and near death some three hours away. Plaintiff claims that by giving the jury this information, the Court unfairly predisposed them to finding in Defendants' favor. Defendants, on the other hand, correctly point out that it would have been equally prejudicial had the jury not been informed as to Defendants did not remain in Court and see the trial through to its conclusion. Consequently, there was no error.

Having reviewed the motion, the Court concludes that Plaintiff is not entitled to relief under Rule 59, and Plaintiff's Motion for new trial (ECF No. 194) is thus DENIED. As this action is closed, no order will issue in response to future filings.

IT IS SO ORDERED.

Dated: May 2, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE