1  Julie A. Shepard (SBN 175538)
   JShepard@jenner.com
2  Alice S. Kim (SBN 317479)
   AKim@jenner.com
3  Eric Wolff (SBN 341180)
   Eric.Wolff@Jenner.com
4  JENNER & BLOCK LLP
   515 South Flower Street, Suite 3300
5  Los Angeles, CA 90071-2246
   Telephone:   +1 213 239 5100
6  Facsimile:   +1 213 239 5199

7  Attorneys for Plaintiff Danny Murphy Coston

8  Additional Counsel Listed on Signature Page

10  **IN THE UNITED STATES DISTRICT COURT**

11  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12  **SACRAMENTO DIVISION**

| | |
|---|---|
| 14 DANNY MURPHY COSTON,<br>15              Plaintiff,<br>16     v.<br>17 ANDREW NANGALAMA, et al.,<br>18              Defendants. | Case No. 2:10-cv-02009-MCE-EFB<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINE**<br><br>[*Declaration of Eric Wolff filed concurrently herewith*]<br><br>Judge:   Hon. Morrison C. England, Jr.<br>Courtroom: 7 |

SUBJECT TO THE APPROVAL OF THE COURT, Plaintiff Danny Murphy Coston and Defendant Andrew Nangalama ("Dr. Nangalama"), through their counsel, jointly submit the following Stipulation and Proposed Order for an extension of the discovery cut-off due to delays in the production of documents by California State Prison – Sacramento ("CSP-Sac") which has impacted further discovery and depositions.

**RECITALS**

WHEREAS, by the Order reopening discovery for 120 days from the date the Order was electronically filed, October 17, 2022, (ECF No. 226), the close of discovery was set for February 14, 2023;

WHEREAS, Mr. Coston promptly prepared and served requests for production on Defendants Andrew Nangalama and Randall Hale[1] on November 3, 2022 ("Document Requests");

WHEREAS, Mr. Coston also personally served CSP-Sac with a Subpoena Duces Tecum (the "First Subpoena") on November 15, 2022 and specified a return date of December 6, 2022;

WHEREAS, Mr. Coston received Defendants' responses to the Document Requests on or about December 13, 2022, in which Defendants indicated that they do not have many of the requested documents, and Defendants are also seeking documents from CSP-Sac;

WHEREAS, CSP-Sac did not respond to Mr. Coston's First Subpoena by the deadline;

WHEREAS, Mr. Coston's counsel emailed CSP-Sac on December 7, 2022, to inquire about the status of its response to the First Subpoena;

WHEREAS, between December 7 and December 14, 2022, Mr. Coston's counsel exchanged emails with CSP-Sac regarding its offer to obtain the documents requested in the First Subpoena;

WHEREAS, on December 14, 2022, counsel for Defendants instructed Mr. Coston's counsel that all correspondence directed to CSP-Sac should be directed to counsel for Defendants;

---

[1] Randall Hale is currently unrepresented in this proceeding. The Court granted counsel's motion to withdraw from the representation of Mr. Hale and ordered him to file a status report with the court by thirty days after proof of service of the order on Mr. Hale was filed (ECF No. 232). Withdrawal was effective on January 3, 2023 when the proof of service of the Order on Mr. Hale was filed. (*See* ECF No. 235). Mr. Hale has not filed a status report, and, as described in the Parties' motion to extend discovery deadline, appears not to be participating in the litigation. (*See* ECF No. 236 at 5).

1  WHEREAS, counsel for Mr. Coston and counsel for Defendants met and conferred regarding CSP-Sac's response to the First Subpoena on December 16, 2022;

WHEREAS, based on the Parties' stipulation to extend discovery due to CSP-Sac's delay in responding to Mr. Coston's First Subpoena, this Court ordered discovery be extended 45 days to Friday, March 31, 2023 (ECF No. 234);

WHEREAS, on December 30, 2023, the California Department of Corrections and Rehabilitation ("CDCR") provided copies of various CDCR policy documents noting that additional documents would be provided by CSP-Sac;

WHEREAS, the documents provided by CDCR made reference to records of which counsel for Mr. Coston was not previously aware;

WHEREAS, on January 25, 2023, counsel for Mr. Coston received a compact disc from CSP-Sac containing Mr. Coston's medical records, some of which were unreadable, and CSP-Sac acknowledged that these files did not complete its production in response to the First Subpoena;

WHEREAS, on January 30, 2023, counsel for Mr. Coston served a second Subpoena Duces Tecum (the "Second Subpoena") on CSP-Sac seeking the records referenced in the documents provided by CDCR and listing a response date of February 20, 2023;

WHEREAS, on February 6, 2023, the Mr. Coston and Dr. Nangalama jointly moved to extend discovery because CSP-Sac had not yet completed its production of documents in response to the First Subpoena (ECF No. 236);

WHEREAS, on February 9, 2023, after construing the joint motion as a stipulation, the Court extended the discovery deadline 60 days to May 30, 2023 (ECF Nos. 237, 238);

WHEREAS, CSP-Sac did not respond to the Second Subpoena by the deadline;

WHEREAS, counsel for Mr. Coston and Dr. Nangalama met and conferred on Tuesday, February 21, 2023 and Friday, March 17 to discuss the progress of CSP-Sac's response to the First and Second Subpoenas;

WHEREAS, on Sunday, March 26, 2023, counsel for Dr. Nangalama informed counsel for Mr. Coston that a production in response to the Subpoenas was forthcoming;

WHEREAS, on Tuesday, March 28, 2023, a paralegal supporting counsel for Dr. Nangalama informed counsel for Mr. Coston that the forthcoming production consisted of approximately 5,000 documents from North Kern State Prison, where Mr. Coston is currently housed, and that the documents would be produced once the paralegal completed redaction of protected personal information in the documents, which was then in progress;

WHEREAS, counsel for Dr. Nangalama and Mr. Coston expect that the documents from North Kern State Prison will be produced in the coming days;

WHEREAS, CSP-Sac's delay in producing additional documents since Mr. Coston and Dr. Nangalama jointly moved to extend discovery on February 6, 2023, has consumed nearly all of the 60-day extension of discovery ordered by the Court on February 9, 2023;

WHEREAS, counsel for both Mr. Coston and Dr. Nangalama need CSP-Sac's responses to the document requests in the First Subpoena in order to effectively conduct depositions of Defendants and non-party witnesses;

WHEREAS, the Parties need additional time to prepare for and conduct depositions given CSP-Sac's ongoing delay in producing documents in response to the Subpoenas; and

WHEREAS, a trial date has not been set in this case, so extending the discovery deadline would not affect the schedule in this case except to require an adjustment to the date by which the Parties are to file a Joint Status Report.

### STIPULATION

NOW, THEREFORE, the Parties hereby agree as follows subject to the Court's approval:

The parties agree to extend the close of discovery by 90 days to Monday, August 28, 2023.

**SO STIPULATED.**

Dated:  April 17, 2023                    JENNER & BLOCK LLP

  */s/ Julie A. Shepard*
   Julie A. Shepard
   Alice S. Kim
   Eric Wolff

   Attorneys for Plaintiff Danny Murphy Coston

Dated: April 17, 2023

        */s/ Amie Bears*     (as authorized on 4/17/2023)
Catherine Woodbridge (SBN 186186)
Amie Bears (SBN 242372)
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7663
Facsimile: (916) 322-8288
Amie.Bears@doj.ca.gov

Attorneys for Defendant Andrew Nangalama

## ORDER

Based on the above stipulation, the joint motion of the parties for an extension to the close of discovery is granted. The Order reopening discovery (ECF No. 226) is amended to extend the close of discovery by 90 days to Monday, August 28, 2023. The Parties are further ordered to file a Joint Status Report not later than 30 days after the close of discovery.

IT IS SO ORDERED.

Dated: April 19, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE