UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW NANGALAMA, et al.,<br><br>Defendants. | No. 2:10-cv-02009-MCE-EFB (PC)<br><br><br>CERTIFICATION OF FACTS AND ORDER <u>TO SHOW CAUSE</u> |

     Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C. § 1983. On January 10, 2024, counsel for plaintiff and defendant Nangalama[1] appeared to present arguments concerning plaintiff's December 11, 2023 motion to compel (ECF No. 260). Having considered the briefing and arguments presented, the court granted the motion to compel and ordered supplemental briefing on whether non-party California State Prison, Sacramento ("CSP-Sac") should be ordered to pay attorney fees to plaintiff's counsel as a sanction for failure to timely comply with two Federal Rule of Civil Procedure 45 subpoenas. The court has received the supplemental briefing. ECF Nos. 268, 269, & 272. For the reasons that follow, the court will certify facts demonstrating a prima facie case of contempt and issue an order to CSP-Sac to appear before the district judge to show cause why it should not be held in contempt and ordered

---

[1] Defense counsel, of the California Office of the Attorney General, appeared on behalf of non-party California State Prison – Sacramento.

to pay plaintiff attorney fees for the efforts spent to obtain compliance with the subpoena and related court orders.

I. **Background**

Plaintiff Daniel Coston sues defendant prison medical providers Dr. Nangalama and Nurse Hale, alleging that they unconstitutionally discontinued his morphine prescription without tapering or withdrawal treatment. At plaintiff's request, the court issued two subpoenas duces tecum to CSP-Sac. CSP-Sac did not timely respond to either request. Because of the compliance dispute, counsel for plaintiff and CSP-Sac engaged in an extensive meet-and-confer process. Plaintiff filed a (first) motion to compel CSP-Sac's compliance, but withdrew the motion after the parties meet-and-confer efforts resulted in the following stipulation and proposed order:

> WHEREAS, Mr. Coston personally served CSP-Sac with a Subpoena Duces Tecum (the "First Subpoena") on November 15, 2022 and specified a return date of December 6, 2022;
>
> WHEREAS, CSP-Sac did not respond to Mr. Coston's First Subpoena by the deadline;
>
> WHEREAS, on January 30, 2023, counsel for Mr. Coston served a second Subpoena Duces Tecum (the "Second Subpoena," together with the First Subpoena, "the Subpoenas") on CSP-Sac and specified a return date of February 20, 2023;
>
> WHEREAS, CSP-Sac did not respond to Mr. Coston's Second Subpoena by the deadline;
>
> WHEREAS, from December 2022 through June 2023, the Parties met and conferred extensively regarding CSP-Sac's responses to the Subpoenas;
>
> WHEREAS, during the period of December 2022 through June 2023, CSP-Sac represented to counsel for Mr. Coston that it experienced staff shortages, a backlog of requests, and technical issues that contributed to the delays in its production in response to the Subpoenas;
>
> WHEREAS, on June 14, 2023, CSP-Sac represented that it had completed its production in response to both Subpoenas as of June 13, 2023;
>
> WHEREAS, on July 27, 2023, Mr. Coston filed a Motion to Compel Discovery from Non-Party California State Prison – Sacramento (the "Motion") due to CSP-Sac's failure to conduct a diligent search and produce all documents responsive to the Subpoenas, and noticed the hearing for August 23, 2023 (ECF No. 247);
>
> WHEREAS, on July 27, 2023, the same day the Motion was filed, Mr. Coston's counsel sent CSP-Sac's counsel a draft Joint Statement of Discovery Disagreement ("Joint Statement") detailing the facts relevant to the Motion, the Parties' efforts to meet and confer, and Mr. Coston's positions regarding the

2

    deficiencies in CSP-Sac's production in response to each request of the Subpoenas;

    WHEREAS, on August 8, 2023, CSP-Sac proposed this stipulation as a resolution to the Motion.

    STIPULATION

    NOW, THEREFORE, the Parties hereby respectfully ask this Court to enter the following Orders: 1. CSP-Sac shall conduct a diligent search for documents responsive to the requests of both Subpoenas and complete its production of those documents by August 23, 2023. 2. CSP-Sac shall prepare a declaration similar to the one ordered in *Scruggs v. Vance*, 2011 WL 6368297, at *13 (E.D. Cal. Dec. 19, 2011) detailing the following for each request of the Subpoenas:

    (1) CSP-Sac's efforts to find documents responsive to the request,

    (2) any document retention policy that affected CSP-Sac's ability to produce documents responsive to the request,

    (3) any litigation hold that was placed on any of the documents requested, and

    (4) list any requested documents that were destroyed, when the destruction occurred, and append a copy of the document retention policy governing the destruction, and shall serve this declaration on Mr. Coston by August 25, 2023. 3. Mr. Coston's Motion to Compel (ECF No. 247) is deemed WITHDRAWN and the August 23, 2023 hearing date is VACATED.

ECF No. 251.

    The court approved the stipulation and issued the proposed order on August 18, 2023. *Id.* (modified by order dated September 13, 2023, ECF No. 254). CSP-Sac was specifically ordered to "conduct a diligent search for documents responsive to the requests of both Subpoenas and complete its production of those documents by August 23, 2023" and to prepare and serve a declaration detailing CSP-Sac's efforts to find responsive documents. *Id.* The order made clear that CSP-Sac must produce any document retention policy that affected its ability to produce responsive documents, and any litigation hold that was placed on any of the requested documents. *Id.* The order also plainly required CSP-Sac to list any requested documents that were destroyed, state when the destruction occurred, and append a copy of the document retention policy governing the destruction. ECF Nos. 251, 254.

    Still, compliance disputes persisted. Plaintiff filed a second motion to compel on October 11, 2023, but again, pursuant to further meet-and-confer efforts, withdrew it. ECF Nos. 255, 257. A third motion to compel followed on December 11, 2023. ECF No. 260. The court heard

1    arguments on that motion on January 10, 2024 (ECF No. 264) and granted it, finding that CSP-
2    Sac had not complied with its obligations in responding to the subpoenas nor with its obligations
3    under the stipulated order to provide a *Scruggs*-type declaration.  ECF No. 265.  Plaintiff now
4    seeks to recover fees incurred by having to litigate the compliance issues.

5           Plaintiff initially moved for enforcement of the subpoenas under Rule 45 but sought his
6    attorney's fees as a sanction under Rule 37.  ECF No. 260 at 2.  At oral argument on the motion
7    the court noted that Rule 45, not Rule 37, appeared to govern the request for fees but the question
8    had not been briefed.  The court instructed the parties to submit supplemental briefs on whether
9    attorney's fees could be awarded under Rule 45.  The court observed at the hearing that CSP-
10   Sac's failure to comply was not substantially justified and that had Rule 37(a)(5) or (b)(2)(A)
11   governed, an award of attorney's fees would appear to be warranted.  EFC No. 267 at 14.
12   However, the court permitted counsel address in their supplemental briefs whether fees would be
13   appropriate under either Rule 37 or Rule 45.

14   **II.     Governing Law**

15          Rule 45 allows any party to serve a subpoena commanding a nonparty to "produce
16   designated documents, electronically stored information, or tangible things in that person's
17   possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  A person who fails to comply
18   with a Rule 45 subpoena or related order "without adequate excuse" may be held in contempt.
19   Fed. R. Civ. P. 45(g).[2]  Rule 45(g) expressly provides authority for basing a contempt finding on
20   failure to respond to a subpoena; moreover, courts have found that a Rule 45 subpoena constitutes
21   an order of the court.  *E.g., Garcia v. Westland Farms, LLC,* No. 1:20-cv-00190-KES-HBK, 2024
22   U.S. Dist. LEXIS 70545, at *7 (E.D. Cal. Apr. 17, 2024).

23          In a case, such as this one, where the parties have not consented to the jurisdiction of the
24   magistrate judge, the undersigned lacks authority to hold CSP-Sac in civil contempt.  28 U.S.C. §

---

[2] There are fundamental differences between the punitive purposes for criminal contempt and the compulsory/compensatory purposes of civil contempt.  Likewise, the procedures to be followed differ.  *See e.g., Falstaff Brewing Corp. v. Miller Brewing Corp*, 702 F.2d 770 (9th Cir. 1983).  Here, the issue is civil contempt.  Plaintiff requests attorney's fees as compensation for a failure to obey subpoenas and a failure to obey a subsequent order to comply with those subpoenas.

636(e); *Delorme v. Big Think, Inc.*, No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 73045, at *4 (C.D. Cal. Apr. 26, 2023). Instead, federal law directs the magistrate judge to investigate whether plaintiff has shown facts demonstrating that further contempt proceedings are warranted and, if so, certify those facts and order the responding party to show cause why they should not be held in contempt by reason of those facts. 28 U.S.C. § 636(e)(6)(B). "Essentially, the magistrate judge's role is to determine whether plaintiff has established a prima facie case of contempt – i.e., whether plaintiff has shown by clear and convincing evidence that [the responding party] violated a court order." *Delorme*, 2023 U.S. Dist. LEXIS 73045, at *5.

### III.   Analysis

As provided above, the question here is whether plaintiff has shown by clear and convincing evidence that CSP-Sac violated a court order. If the court determines that plaintiff has made a prima facie case supporting a finding of contempt, the burden shifts to CSP-Sac "to show categorically and in detail why they were unable to comply with the court's previous order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983*); Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 U.S. Dist. LEXIS 133381, at *8 (E.D. Cal. Sept. 29, 2015).

Plaintiff has provided the following evidence supporting his assertion that CSP-Sac has violated three orders issued by this court - the two Rule 45 subpoenas and the August 18, 2023 order:

- In the August 18, 2023 order, CSP-Sac stipulated that it had failed to timely respond to both subpoenas. ECF No. 251.
- CSP-Sac further stipulated that, in providing responsive documents, it would also provide a detailed declaration describing efforts taken to respond. *Id.*
- In ruling on plaintiff's motion to compel, the court found that CSP-Sac had not complied with the subpoenas or the stipulated order and ordered CSP-Sac to provide further responses and declarations. ECF No. 265; *see also* ECF No. 267 (transcript of hearing on motion to compel) at 3-4, 9-10.

This evidence establishes a prima facie case that CSP-Sac violated the court's orders.

/////

CSP-Sac has not responded to this evidence, instead arguing that plaintiff's request for sanctions should fail because plaintiff originally proceeded under Federal Rule of Civil Procedure 37, rather than Rule 45(g) and the process outlined in the Governing Law section, *supra*. How plaintiff initially proceeded, however, does not void his current request that the court find CSP-Sac in contempt and impose monetary sanctions pursuant to Rule 45(g) in the form of attorney fees for its failure to comply with the subpoenas and stipulated order.

Indeed, the evidence is difficult for CSP-Sac to dispute, as it consists of facts CSP-Sac itself has stipulated to and facts found by the court in granting plaintiff's motion to compel.

CSP-Sac also argues that the court already ordered that further discovery be conducted to ensure responsive documents are produced and therefore no other remedy, including monetary sanctions, is available. CSP-Sac notes that the court, in granting plaintiff's motion to compel, ordered that further discovery be conducted, including the depositions of employees of the California Department of Corrections and Rehabilitation on the issues underlying this discovery dispute and to ensure that responsive evidence is produced. CSP-Sac's argument in this regard focuses on one of the two purposes of civil contempt, i.e., the compulsory purpose. But as CSP-Sac concedes, civil contempt is not only meant to compel obedience with a court order; it has an alternative purpose of "compensat[ing] the contemnor's adversary for the injuries resulting from the non-compliance." ECF No. 269 at 3, *citing Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Plaintiff's motion focuses on compensation. Plaintiff seeks to recover the fees he was forced to incur by having to litigate motions to compel CSP-Sac's compliance. As the uncontroverted facts demonstrate, plaintiff's counsel had to expend time and effort pursuing a protracted round of litigation and ultimately a contested motion to compel to finally obtain the evidence sought by the subpoenas.

Accordingly, the undersigned finds that plaintiff has presented clear and convincing evidence that CSP-Sac violated two Rule 45 subpoenas and the court's August 18, 2023 order.

////

////

////

### IV. Certification of Facts and Order to Show Cause

For the foregoing reasons, the undersigned hereby CERTIFIES THE FOLLOWING FACTS as established by clear and convincing evidence:

1. That CSP-Sac violated its obligation to respond to the November 14, 2022 Rule 45 subpoena;
2. That CSP-Sac violated its obligation to respond to the January 27, 2023 Rule 45 subpoena; and
3. That CSP-Sac violated the court's August 18, 2023 order.

It is further ORDERED that, at a time to be set by the District Judge, CSP-Sac appear to show cause why it should not be found in contempt pursuant to Federal Rule of Civil Procedure 45(g), and, as a monetary sanction be required to compensate plaintiff for the attorney's fees incurred to compel compliance with the subpoenas and stipulated orders.

Dated: August 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE