UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW NANGALAMA, et al.,<br><br>Defendants. | No.  2:10-cv-02009-MCE-EFB (PC)<br><br><br>CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE |

This matter was before the court for hearing on December 18, 2024, on plaintiff's motion for an order so show cause why California State Prison-Sacramento (CSP-Sac) should not be ordered to pay plaintiff's attorney's fees and costs incurred due to CSP-Sac's violation of court orders. *See* ECF No. 308.  Attorneys Eric Wolff and Julie Shepard appeared on behalf of the plaintiff.  California Deputy Attorney General Jon Allin appeared on behalf of CSP-Sac.  For the reasons stated by the court at the hearing and as set forth below, the motion is granted in part and denied in part.  Accordingly, the court certifies the facts below, finding that a prima facie case has been established that CSP-Sac has violated a court order.  Thus, for the reasons set forth below, CSP-Sac is ordered to appear before the district judge, at a time to be set by the district judge, to show cause why CSP-Sac should not be found in contempt and ordered to pay plaintiff attorney fees and costs incurred to obtain compliance with the court's January 11, 2024 order.

////

1

## I. Background

Plaintiff Daniel Coston, an inmate at CSP-Sac, sues defendant prison medical providers Dr. Nangalama and Nurse Hale under 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment rights by discontinuing his morphine prescription without tapering or withdrawal treatment. In 2015, the case proceeded to a jury trial before the previously assigned district judge with plaintiff representing himself. After plaintiff rested his case, the court granted the defendants' motion for judgment as a matter of law. On appeal, the Ninth Circuit vacated that judgment and remanded for a new trial. *See Coston v. Nangalama*, 669 F. App'x 371 (9th Cir. 2016). On remand, a second trial was held in November 2018, again with plaintiff representing himself. At trial, over plaintiff's objection, the court gave the jury a deference jury instruction, referred to as a "Norwood instruction," (*see Norwood v. Vance*, 591 F.3d 1062 (9th Cir. 2010). Plaintiff again appealed. On appeal, the Ninth Circuit again reversed. It held that "Coston has presented substantial evidence that Nangalama's actions in discontinuing Coston's medication without tapering was not provided pursuant to a security-based policy or practice at CSP-Sac. Coston also offered in evidence the prison's medication management policy, which supports Coston's argument that Nangalama's actions were an unnecessary, unjustified, or exaggerated response." *Coston v. Nangalama*, 13 F.4th 729, 735 (9th Cir. 2021) (*Coston II*). The Ninth Circuit further held that the prison's medication management policy was, in fact, relevant and should not have been excluded by the trial court. *Id.* n.4.

On remand, this court, at plaintiff's request, issued two subpoenas duces tecum to CSP-Sac seeking discovery related to the prison's medication management policies.[1] CSP-Sac did not timely respond to either request. Because of that compliance dispute, counsel for plaintiff and CSP-Sac engaged in an extensive meet-and-confer process. Plaintiff filed a (first) motion to compel CSP-Sac's compliance but withdrew the motion after the parties entered into a stipulation

---

[1] The first subpoena was served on November 15, 2022 and specified a return date of December 6, 2022. ECF No. 251, modified by order dated September 13, 2023, ECF No. 254. The second was served on on January 30, 2023, and specified a return date of February 20, 2023. *Id.* Since then, there has been nearly two years of litigation over plaintiff's efforts to obtain compliance with those subpoenas.

2

and proposed order to resolve the motion. Their agreed upon stipulation and order stated as follows:

> WHEREAS, Mr. Coston personally served CSP-Sac with a Subpoena Duces Tecum (the "First Subpoena") on November 15, 2022 and specified a return date of December 6, 2022;
>
> WHEREAS, CSP-Sac did not respond to Mr. Coston's First Subpoena by the deadline;
>
> WHEREAS, on January 30, 2023, counsel for Mr. Coston served a second Subpoena Duces Tecum (the "Second Subpoena," together with the First Subpoena, "the Subpoenas") on CSP-Sac and specified a return date of February 20, 2023;
>
> WHEREAS, CSP-Sac did not respond to Mr. Coston's Second Subpoena by the deadline;
>
> WHEREAS, from December 2022 through June 2023, the Parties met and conferred extensively regarding CSP-Sac's responses to the Subpoenas;
>
> WHEREAS, during the period of December 2022 through June 2023, CSP-Sac represented to counsel for Mr. Coston that it experienced staff shortages, a backlog of requests, and technical issues that contributed to the delays in its production in response to the Subpoenas;
>
> WHEREAS, on June 14, 2023, CSP-Sac represented that it had completed its production in response to both Subpoenas as of June 13, 2023;
>
> WHEREAS, on July 27, 2023, Mr. Coston filed a Motion to Compel Discovery from Non-Party California State Prison – Sacramento (the "Motion") due to CSP-Sac's failure to conduct a diligent search and produce all documents responsive to the Subpoenas, and noticed the hearing for August 23, 2023 (ECF No. 247);
>
> WHEREAS, on July 27, 2023, the same day the Motion was filed, Mr. Coston's counsel sent CSP-Sac's counsel a draft Joint Statement of Discovery Disagreement ("Joint Statement") detailing the facts relevant to the Motion, the Parties' efforts to meet and confer, and Mr. Coston's positions regarding the deficiencies in CSP-Sac's production in response to each request of the Subpoenas;
>
> WHEREAS, on August 8, 2023, CSP-Sac proposed this stipulation as a resolution to the Motion.
>
> STIPULATION
>
> NOW, THEREFORE, the Parties hereby respectfully ask this Court to enter the following Orders: 1. CSP-Sac shall conduct a diligent search for documents responsive to the requests of both Subpoenas and complete its production of those documents by August 23, 2023. 2. CSP-Sac shall prepare a declaration similar to the one ordered in *Scruggs v. Vance*, 2011 WL 6368297, at *13 (E.D. Cal. Dec. 19, 2011) detailing the following for each request of the Subpoenas:
>
> (1) CSP-Sac's efforts to find documents responsive to the request,

3

> (2) any document retention policy that affected CSP-Sac's ability to produce documents responsive to the request,
>
> (3) any litigation hold that was placed on any of the documents requested, and
>
> (4) list any requested documents that were destroyed, when the destruction occurred, and append a copy of the document retention policy governing the destruction, and shall serve this declaration on Mr. Coston by August 25, 2023. 3. Mr. Coston's Motion to Compel (ECF No. 247) is deemed WITHDRAWN and the August 23, 2023 hearing date is VACATED.

ECF No. 251.

The court approved that stipulation and issued the proposed order on August 18, 2023. *Id.* (modified by order dated September 13, 2023, ECF No. 254). CSP-Sac was specifically ordered to "conduct a diligent search for documents responsive to the requests of both Subpoenas and complete its production of those documents by August 23, 2023" and to prepare and serve a declaration detailing CSP-Sac's efforts to find responsive documents (CSP-Sac's healthcare-related local operating procedures, aka "LOPs"). *Id.* The order made clear that CSP-Sac must produce any document retention policy that affected its ability to produce responsive documents, and any litigation hold that was placed on any of the requested documents. *Id.* The order also required CSP-Sac to list any requested documents that were destroyed, state when the destruction occurred, and append a copy of the document retention policy governing the destruction. ECF Nos. 251, 254.

Still, compliance disputes persisted. Plaintiff filed a second motion to compel on October 11, 2023, but again, to facilitate further meet-and-confer efforts, the motion was withdrawn. ECF Nos. 255, 257. Apparently, those efforts failed, as a third motion to compel followed on December 11, 2023. ECF No. 260. The court heard arguments on that motion on January 10, 2024 and granted it, finding that CSP-Sac had not complied with its obligations in responding to the subpoenas nor with its obligations under the stipulated order to provide a *Scruggs*-type declaration. ECF No. 265 ("January 11, 2024 Order"). The court directed CSP-Sac to identify and produce for deposition a person or persons most knowledgeable regarding the policies requested by the subpoenas and to provide a properly certified *Scruggs*-type declaration by

February 2, 2024 to document what search had been completed and how it was completed.[2] *Id.* As to plaintiff's request for attorney's fees the court directed plaintiff's counsel to file a supplemental brief addressing the question of whether fees could be awarded under Rule 45 based on CSP-Sac's violation of a court order. ECF No. 267 at 22.

Plaintiff filed that additional briefing and requested that the court certify the facts establishing that CSP-Sac violated its obligations to respond to the subpoenas and related court orders. ECF No. 268. The court certified such facts on August 26, 2024; namely, that CSP-Sac had violated its obligation to respond to both subpoenas and to comply with the court's August 18, 2023 stipulated order. ECF No. 290. The court ordered CSP-Sac to show cause before the assigned district judge why it should not be held in contempt and required to pay attorney fees and costs incurred by plaintiff to obtain its compliance. *Id.*

In the meantime, the parties conducted the depositions ordered by the court. In the course of those deposition plaintiff's counsel discovered that CSP-Sac's local operating procedures contained policies that were responsive to the subpoenas but were not produced. ECF No. 275 at 3. Further, the document retention polices that CSP-Sac had produced stated that retention policies for certain employee and litigation records were governed by specific documents which CSP-Sac had not produced, in apparent contravention of previous court orders. *Id.* Discussions among counsel ensued over whether an additional search and *Scruggs*-type declaration were required but they could not agree. The parties requested a telephonic conference with the court to address their dispute. *Id.* at 2. The court granted that request and held the conference on June 5, 2024. ECF No. 287. In that conference call, the court expressed frustration over the delay in the

---

[2] Significantly, that order instructed CSP-SAC – for the third time – that it must supply the declaration documenting and describing the search for the documents. *Id.* at ("Concurrent with this response, CSP-Sac shall provide the declaration ordered by the court on August 23, 2023, and September 13, 2023 (ECF Nos. 251, 254)"). Those orders specified that the declaration must detail the following information for each request in the Subpoenas:
  (1) CSP-Sac's efforts to find documents responsive to the request,
  (2) any document retention policy that affected CSP-Sac's ability to produce documents responsive to the request,
  (3) any litigation hold that was placed on any of the documents requested, and
  (4) a list of any requested documents that were destroyed, when the destruction occurred, with an appended copy of the document retention policy governing the destruction.

production of subpoenaed documents, reiterated its prior rulings and cautioned counsel of its inclination that the additional document search and declaration were, indeed, required by those rulings but deferred any ruling until such time as a formally briefed motion was before the court.

Thereafter, on June 21, 2024, counsel for CSP-Sac emailed plaintiff's counsel that CSP-Sac had searched for and located LOPs from 2007-2008 related to medication management but had limited that search to involuntary medication management. ECF No. 291-1 at 17-21. Because of that limitation plaintiff's counsel requested that the search be done for the scope of records set forth in the subpoena. *Id.* at 17. In further email exchanges plaintiff's counsel wrote on July 23, 2024 "[w]e understand that CSP-Sac is refusing to search its storage area - where it located responsive operating procedures ("LOPs") on the topic of medication management – for document responsive to the other requests in the subpoena that it has not yet searched for. If CSP-Sac does not agree in writing by Friday, July 26, to perform this search and produce responsive LOPs by Friday, August 9, we will move to compel CSP-Sac to do so." *Id.* at 12. The same request was made for an updated *Scruggs*-type declaration. *Id.* Counsel for CSP-Sac responded on July 26 that "No further searches will be done, and no declarations produced." *Id.* at 11-12.

In response, on August 14, 2024, plaintiff's counsel filed a Motion to Compel and Application for an Order to Show Cause (ECF No. 288)[3] and emailed counsel for CSP-Sac to initiate the process under Local Rule 251 for preparation of a Joint Statement Regarding Discovery Dispute. *Id.* at 11. In the course of their emails, the parties agreed upon a hearing date of September 18 but appeared to make little progress in preparing a Joint Statement. *Id.* at 9-11. On September 3, the day before the Joint Statement was due to be filed, counsel for CSP-Sac emailed plaintiff's counsel their revisions and input to the Joint Statement. *Id.* at 5. That revision included a statement that CSP-Sac's Litigation Coordinator had, in fact, searched the storage area in question a second time for documents responsive to the subpoenas. Plaintiff's counsel responded that this representation contradicted Deputy Attorney General Bears' July 26 email

---

[3] The motion was amended to re-noticed for hearing on September 18, 2024. ECF No. 289.

1  statement that no further searches would be done and was the first time plaintiff's counsel had
2  seen any representation that the requested search had been conducted. *Id.* at 4. Plaintiff's counsel
3  added that, in light of the contradiction and the history of non-compliance, CSP-Sac's new
4  representation could not be accepted without a sworn declaration certifying the relevant facts by
5  the litigation coordinator who conducted the search. *Id.* CSP-Sac's response included the
6  statement "You cannot demand a sworn statement from a non-party nor will we provide one at
7  this time. That is something the court can order if it deems needed." *Id.* Accordingly, the Joint
8  Statement was filed and the matter proceeded to hearing. ECF No. 291.

9  The court heard and granted the motion on September 18, 2024. ECF No. 292. The court
10 ordered from the bench that CSP-Sac file the declaration by October 2, 2024, stating that it was
11 "very clear" that the court's prior order required it. *Id.*; ECF No. 295 at 9:24-25. The court
12 specifically directed CSP-Sac to provide a declaration from a person having personal knowledge
13 of the search. ECF No. 295 at 13:3-13. As to plaintiff's supplementary request for attorneys'
14 fees the court directed plaintiff's counsel to file a separately briefed motion for an OSC
15 addressing violations occurring after the time frame addressed in the earlier Certification of Facts
16 which was filed on August 26, 2024. *Id.* at 18. In response to that instruction, plaintiff filed the
17 instant motion seeking certification of facts supporting an additional order for CSP-Sac to appear
18 before the District Judge to show cause why it should not be found in contempt and ordered to
19 pay fees for disobeying the court's January 11, 2024 and September 18, 2024 orders. ECF No.
20 308.

21 In the meantime, in response to the court's September 18, 2024 order, CSP-Sac filed
22 declarations from T. Feryance, litigation coordinator at CSP-Sac, and S. Malan, a Staff Services
23 Manager at California Correctional Health Care Services ("CCHCS"). ECF Nos. 298-299.
24 Feryance testified that he or she had performed "multiple diligent searches" of both physical and
25 electronic storage areas at CSP-Sac and had also inquired with CSP-Sac and CCHCS staff. ECF
26 No. 298 at 2. Although the declaration does not include the dates of the searches, Feryance
27 provided the locations for both the physical and electronic searches and listed the LOPs that were
28 located. Id. at 3-5. Malan testified that he or she searched the CCHCS "e-discovery drive" and

described the results of the search.   ECF No. 299 at 2.

As discussed below, plaintiff's motion for civil contempt does not seek the remedy of incarceration.  Rather, plaintiff requests an order requiring CSP-Sac to reimburse plaintiff for the fees and costs incurred to finally obtain compliance with the court's orders.  Although CSP-Sac possesses and controls the evidence in question and has been represented by the same counsel as the defendants herein, CSP-Sac itself is not a party to this action.  Thus, when plaintiff initially sought fees and costs under Rule 37, the court observed that although CSP-Sac's failure to comply was not substantially justified and that an award of fees under Rule 37(a)(5) or (b)(2)(A) would be required if Rule 37 governed the request (EFC No. 267 at 14, see also EDF No. 290 at 3), Rule 37 does not apply to non-parties.  Plaintiff subsequently briefed the question of fees under Rule 45 and now seeks reimbursement under Rule 45(g).

Civil contempt, which is at issue here, is not only meant to compel obedience with a court order; it has an alternative purpose of "compensat[ing] the contemnor's adversary for the injuries resulting from the non-compliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).  Plaintiff's motion focuses on compensation for the attorneys' fees occasioned by CSP-Sac's violation of court orders which forced plaintiff's counsel to litigate multiple motions to obtain CSP-Sac's compliance with the original subpoenas and subsequent orders.

**II.    Governing Law**

Rule 45 allows any party to serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  A person who fails to comply with a Rule 45 subpoena or related order "without adequate excuse" may be held in contempt. Fed. R. Civ. P. 45(g).  Rule 45(g) expressly provides authority for basing a contempt finding on failure to respond to a subpoena; moreover, courts have found that a Rule 45 subpoena constitutes an order of the court.  *E.g., Garcia v. Westland Farms, LLC,* No. 1:20-cv-00190-KES-HBK, 2024 U.S. Dist. LEXIS 70545, at *7 (E.D. Cal. Apr. 17, 2024).

////

In a case, such as this one, where the parties have not consented to the jurisdiction of the magistrate judge, the undersigned lacks authority to hold CSP-Sac in civil contempt. 28 U.S.C. § 636(e); *Delorme v. Big Think, Inc.*, No. 2:23-mc-00037-FLA-MAR, 2023 U.S. Dist. LEXIS 73045, at *4 (C.D. Cal. Apr. 26, 2023). Instead, federal law directs the magistrate judge to investigate whether plaintiff has shown facts demonstrating that further contempt proceedings are warranted and, if so, to certify those facts and order the responding party to show cause why they should not be held in contempt by reason of those facts. 28 U.S.C. § 636(e)(6)(B). "Essentially, the magistrate judge's role is to determine whether plaintiff has established a prima facie case of contempt – i.e., whether plaintiff has shown by clear and convincing evidence that [the responding party] violated a court order." *Delorme*, 2023 U.S. Dist. LEXIS 73045, at *5.

### III. Analysis

As described above, the role of the undersigned is limited to determining whether plaintiff has shown by clear and convincing evidence that CSP-Sac violated a court order.[4] Plaintiff argues that CSP-Sac violated the court's January 11, 2024 order by refusing to provide the required *Scruggs*-type declaration and by designating for deposition persons who were not knowledgeable about the requested documents. Plaintiff further argues that CSP-Sac violated the court's September 18, 2024 order because Feryance did not have personal knowledge of healthcare-related LOPs and did not identify who he or she spoke with to locate such polices and because Malan also lacked direct access to CSP-Sac's LOPs.

In response, CSP-Sac argues that, "[i]f Plaintiff's counsel had simply contacted Respondent's counsel and asked for [supplemental declarations], the matter could have been easily resolved." ECF No. 311-1 at 4. CSP-Sac provides such a supplemental declaration as an attachment to its opposition brief: the declaration of CSP-Sac CEO K. Oglesby, who testifies that he or she, along with specified staff, searched specified areas of the institution in March, June,

---

[4] Once the court determines that plaintiff has made a prima facie case supporting a finding of contempt, the burden shifts to CSP-Sac "to show categorically and in detail why they were unable to comply with the court's previous order." *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983); *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 U.S. Dist. LEXIS 133381, at *8 (E.D. Cal. Sept. 29, 2015).

9

and July of 2024 for healthcare-related LOPs from 2007-2011 but found none. ECF No. 311-2. CSP-Sac also suggests that the Certification of Facts and Order to Show Cause (ECF No. 290) already addressed CSP-Sac's compliance with the January 11, 2024 order without finding CSP-Sac in contempt and that plaintiff has not established that the court should reconsider that ruling.[5] As addressed below, neither argument has merit.

### 1. The January 11, 2024 Order

The court finds that plaintiff has presented a prima facie case that CSP-Sac violated the court's January 11, 2024 order by failing to provide the *Scruggs*-type declaration. As the court admonished counsel for CSP-Sac at the September 18, 2024, hearing, the declaration was clearly required by the court's earlier orders. And as the court previously found, CSP-Sac had failed to provide the declarations required by those order. ECF No. 292. The court admonished counsel for CSP-Sac that it was very clear from the earlier orders that the declaration was indeed required. ECF No. 295, at 10. The court again specifically directed CSP-Sac to provide the declaration from someone having personal knowledge of the search, and that it be supplied by October 2, 2023. *Id.* at 12 – 13. Contrary to the contention of CSP-Sac, the earlier Certification of Facts Order to Show Cause did not address the violations alleged in the pending motion. *See* ECF No. 290 at 7. Thus CSP-Sac's argument that plaintiff was required to seek reconsideration of that order fails.

Plaintiff has not, however, established a prima facie case that CSP-Sac violated the court's January 11, 2024 order in its designation of persons most knowledgeable to testify regarding the subpoenaed records. While the court's review of plaintiff's summary of the deposition testimony (ECF No. 275-1) and of the transcripts of Dr. Bal's two depositions (ECF No. 312) indicates that the deponents' knowledge and memories concerning the polices were imperfect, it is not clear that CSP-Sac could have provided superior witnesses, given the amount of time that has elapsed since the policies at issue were in place. While plaintiff's counsel is understandably frustrated

---

[5] This argument appears to conflate the allegations of the separate motions. The earlier Certification of Facts and OSC addressed violations of the November 14, 2022 subpoena; the January 27, 2023 Subpoena, and the August 18, 2023 order. The current motion alleges violations of the January 11, 2024 and September 18, 2024 orders.

that the witnesses lacked a better ability to recount with better detail the specifics of the policies in question, the defendants and CSP-Sac's witness now must live those responses at trial.

       2. <u>September 18, 2024 Order</u>

CSP-Sac contends that simply contacting CSP-Sac's counsel and asking for updated declarations could have easily resolved the matter. There is no support in the record for this assertion. The court had already admonished counsel in considerable detail at the January 10, 2024 hearing that the representations being made in responses to a subpoena (alleging a proper search and claiming that no further documents were found) must be verified by persons who have personal knowledge of what search was done, how it was done, by whom, and the results of the search. In spite of that admonition and the history of repeated motions to compel in this case, and in disregard of the court's January 11, 2024 order directing that a proper declaration be provided, counsel for CSP-Sac flatly refused plaintiff's counsel's email request for the required declaration. ECF No. 288-1, Ex. A. Plaintiff's counsel raised the concern that the prison was refusing to search its storage area where previously responsive documents (i.e. Local Operating Procedures for medication) had been located. Plaintiff's counsel requested that the location be searched and that the required declaration verifying the details of the search and its results be provided. As noted, defense counsel's response was unequivocal: "No further searches will be done, and no declarations produced." *Id.* There is no reason to believe that another email request to counsel for CSP-Sac could have easily resolved the matter. The record before the court as to plaintiff's effort to obtain compliance with the court's orders demonstrates that nothing short of yet another motion to compel compliance would have produced the declarations of Feryance and Malan certifying the facts as to their searches.[6]

Plaintiff argues that even the declarations from Feryance and Malan fail to comply with the court's September 18, 2024 order, because they are not based on personal knowledge. But the declarations show that each witness was personally involved in searching for responsive policies.

---

[6] Neither declaration states the dates, or at least the general time frame as when each search was conducted. But paragraph 8 of the Feryance declaration indicates that several of the areas were searched recently and apparently as a result of the more recent motions to compel those searches.

11

As described above, Feryance, the Litigation Coordinator, affirms that he or she performed multiple searches of the physical and electronic storage areas at the prison and also made inquiries with staff at both CSP-Sac and CCHCS. ECF No. 298 at 2. That declaration lists and describes with specificity the physical and electronic areas that he or she searched. *Id*. at 3-5. Malan says that he or she searched the CCHCS "e-discovery drive" and described the results of the search. ECF No. 299 at 2. The declarants provide sufficient detail and specific descriptions of the searches they directed and personally undertook. In light of those substantial efforts to comply, the court finds that plaintiff has not shown by clear and convincing evidence that CSP-Sac violated the September 18 order.

### IV.  Certification of Facts and Order to Show Cause

For the foregoing reasons, the undersigned hereby CERTIFIES THE ABOVE RECITED FACTS and finds by clear and convincing evidence: that CSP-Sac violated the court's January 11, 2024 order by refusing to provide a declaration or declarations detailing CSP-Sac's efforts to find documents responsive to plaintiff's November 11, 2022 and January 27, 2023 Federal Rule of Civil Procedure Rule 45 subpoenas.

It is further ORDERED that, at a time to be set by the District Judge,[7] CSP-Sac appear to show cause why it should not be held in contempt and sanctioned pursuant to Federal Rule of Civil Procedure 45(g).

Dated: January 31, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] Whether further oral argument is necessary, and if so, the date and time for a hearing will be determined by the District Judge.