UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW NANGALAMA, et al.,<br><br>Defendants. | No. 2:10-cv-02009-DC-EFB (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS (ECF No. 330) |

Plaintiff is a state prisoner seeking redress under 42 U.S.C. § 1983 against defendants for deliberate indifference to a serious medical need. Pending before the undersigned is plaintiff's *Request to Seal Documents*, filed on January 13, 2025. ECF No. 330. Defendants have filed no opposition to plaintiff's request and the time to do so has now passed. Local Rule 230(l); *see also* ECF No. 330 at 3. For the reasons stated herein, the undersigned grants the request.

**DISCUSSION**

Local Rule 141 governs requests to seal documents and provides that documents may be sealed by order of the court upon the showing required by law. Local Rule 141(a); *see also* Fed. R. Civ. Proc. 5.2(d) (a court "may order that a filing be made under seal without redaction"). The Rule requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." Local Rule 141(b).

The "showing required by law" referred to by our Local Rule is a high one. The court operates under a strong presumption in favor of access to court records. *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request. *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court,'" although the court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1096-97 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In order to grant the request, the court must find a compelling reason supporting sealing the record and must articulate the factual basis for sealing the record, without relying on hypothesis or conjecture. *Id.* at 1096-97.

Here, plaintiff requests to have sealed Exhibit 2 to the Declaration of Dr. William G. Brose and Exhibits 4, 6, 8, 10, 11, 12, and 13 to the Declaration of Eric Wolff, offered in support of plaintiff's Opposition to defendant Nangalama's pending motion for summary judgment. ECF No. 330 at 2; ECF No. 331. He requests that these materials be sealed to the public, available only to the parties and counsel, until the court orders unsealing. ECF No. 330 at 2. The court has reviewed the exhibits at issue and all contain plaintiff's personal medical information, which, as other courts have routinely found, is of such a sensitive, personal nature that the plaintiff's privacy interest in it outweighs any interest the public may have in its disclosure. *See, e.g.*, *United States v. Lopez-Perez*, No. 1:14-cr-0045-AWI, 2021 WL 809396, at *1 (E.D. Cal. Mar. 3, 2021) (ordering medical records to be sealed, explaining "[m]edical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal"); *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (granting request to seal documents containing medical information, observing "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records"); *Hedrick v. Grant*, No. 276-cv-0162-GEB-EFB-P, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017) (ordering plaintiff class members medical and psychiatric records sealed). For this reason and in light of defendants' lack of opposition, the court hereby finds compelling reason to justify the sealing of the requested documents.

Accordingly, it is ORDERED that:

1. Plaintiff's Request to Seal Documents (ECF No. 330) is GRANTED; and

2. Pursuant to Local Rule 141(d), the Clerk of Court shall file under seal Exhibit 2 of the Declaration of Dr. William G. Brose and Exhibits 4, 6, 8, 10, 11, 12, and 13 of the Declaration of Eric Wolff, in support of plaintiff's opposition to defendant's motion for summary judgment (ECF No. 331). Access to those documents is restricted to the court, the parties and their counsel, and authorized court personnel, until further order of this court.

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE