UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW NANGALAMA, et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-02009-DC-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF No. 319) |

This action arises from plaintiff's complaint under 42 U.S.C. § 1983 alleging the defendants were deliberately indifferent to his serious medical needs while he was incarcerated at California State Prison - Sacramento. On May 30, 2024, the clerk entered judgment against defendant Randall Hale. ECF No. 285. Pending before the court is plaintiff's motion for entry of default judgment against defendant Hale for $100,000 in compensatory damages and $20,000 in punitive damages, plus attorney's fees and costs and post-judgment interest. For the reasons stated herein, the undersigned recommends the motion be denied.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff commenced this action in 2010 against defendant Hale and others, alleging that they acted with deliberate indifference when discontinuing morphine that he had been prescribed as part of treatment for a chronic condition. ECF No. 1. Defendant Hale, identified to be a vocational nurse involved in plaintiff's care during the events at issue, filed an Answer in 2011,

1  ECF No. 34, and a motion for summary judgment in 2012.  ECF No. 56.  Summary judgment was
2  denied, ECF No. 73, and, in 2015, a trial was held, in which defendant Hale participated.  ECF
3  Nos. 134, 141.  At the conclusion of evidence, the court granted defendants Hale's and
4  Nangalama's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.
5  ECF Nos. 141, 143.

6  Plaintiff appealed, ECF No. 147, and the Ninth Circuit vacated the district court's
7  judgment and remanded the matter, in 2016.  ECF No. 157.  A retrial was held in 2018, in which
8  defendant Hale again participated.  ECF Nos. 179, 180, 187, 188.  The jury returned a verdict for
9  the defendants, ECF No. 188, and plaintiff appealed.  ECF No. 209.  In October 2021, the Ninth
10 Circuit vacated and reversed the judgment and remanded the matter once again.  ECF No. 216.
11 After remand, defendant Hale again participated in some of the proceedings in the district court.
12 ECF Nos. 222, 225.

13 In November 2022, counsel for defendant Hale moved to withdraw on the basis of a
14 newly-arisen conflict and represented that she was unable to locate Hale to serve the request on
15 him.  ECF Nos. 227, 229.  The court granted the motion and directed defendant Hale to file a
16 status report, within thirty days, indicating whether he had acquired new counsel or intended to
17 represent himself.  ECF No. 232.  Since then, defendant Hale has not filed the status report nor
18 has he otherwise appeared in this proceeding, and documents attempted to be served on him have
19 been returned as undeliverable.

20 In April 2024, plaintiff moved to strike defendant Hale's Answer and for default to be
21 entered against him.  ECF No. 276.  The court granted the motion, ECF No. 284, and default was
22 entered against defendant Hale on May 30, 2024.  ECF No. 285.

23 **LEGAL STANDARD**

24 Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party
25 against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend
26 against the action.  *See* Fed. R. Civ. P. 55(a).  "A defendant's default," however, "does not
27 automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,
28 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th

Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *Id.* at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); *Abney v. Alameida*, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes*, 559 F.2d at 560; *cf. Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

////

////

**DISCUSSION**

Plaintiff has complied with the procedural requirements for entry of default judgment, in that default has been entered against defendant Hale and the judgment requested corresponds to that asserted in plaintiff's Complaint. *See* Fed. R. Civ. P. 54(c), 55. The court accordingly turns to the factors set forth in *Eitel*, 782 F.2d at 1471-72, which guide this court's exercise of discretion on the issue.

**A. Consideration of *Eitel* Factors**

**1. Possibility of Prejudice to Plaintiff**

The first *Eitel* factor favors the entry of default judgment, as it requires the court to consider the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice exists where failure to enter a default judgment would leave plaintiff without a proper remedy. *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010). Here, because defendant Hale has ceased defending this action, if default judgment is not entered, plaintiff would be left without a monetary remedy against him, thus weighing in favor of entry of default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

**2. Merits of Plaintiff's Underlying Claim and Sufficiency of the Complaint**

The second *Eitel* factor requires the court to consider whether the plaintiff has pled a facially meritorious cause of action against the defendant. *Eitel*, 782 F.2d at 1471; *Landstar Ranger, Inc.*, 725 F.Supp.2d at 920; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Here, these factors also weigh in favor of entry of default judgment.

The Eighth Amendment of the Constitution prohibits inhumane methods of punishment and conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. An officer has been deliberately indifferent if he was (a)

1  subjectively aware of the serious medical need and (b) failed to adequately respond. *Farmer v.*
2  *Brennan*, 511 U.S. 825, 828 (1994).
3        Here, plaintiff's complaint adequately set forth a claim of deliberate indifference to his
4  serious medical needs against defendant Hale.  Per his allegations, defendant Hale intentionally,
5  abruptly stopped provision of plaintiff's prescribed morphine and ignored plaintiff's complaints
6  of resulting pain.  ECF No. 1 ¶¶ 22-25.  Plaintiff further pled that, as a result of defendant Hale's
7  actions, he experienced serious medical consequences, including additional pain and withdrawal
8  symptoms.  ECF No. 1 ¶ 25.  These allegations, if credited by a factfinder, suffice to make a
9  showing of defendant Hale's deliberate indifference to plaintiff's serious medical needs in
10 violation of the latter's Eighth Amendment rights.  *See Jett*, 439 F.3d at 1096; *cf.* ECF No. 67 at
11 8-15 (recommending denial of defendant Hale's motion for summary judgment); ECF No. 73
12 (adopting same).  Thus, the second and third *Eitel* factors weigh in favor of entry of default
13 judgment.

14       **3. Sum of Money at Stake**
15       The fourth *Eitel* factor examines whether a sum of money at stake is proportionate to the
16 harm defendant is responsible for causing plaintiff.  *Eitel*, 782 F.2d at 1471; *Landstar Rager, Inc.*,
17 725 F. Supp. 2d at 921; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176.  Courts have found this factor
18 weighs against entry of default judgment where the amount of damages requested appears
19 speculative.  *See*, *e.g.*, *Epson Am., Inc. v. Sunvalleytek Int'l, Inc.*, No. 823CV00735JVSADS,
20 2024 WL 2104600, at *5 (C.D. Cal. Apr. 22, 2024); *Stratcomms LLC v. Republic of Mali*, No.
21 222CV01093MMDEJY, 2024 WL 1701943, at *4 (D. Nev. Apr. 18, 2024); *Lal v. Felker*, No.
22 2:07-CV-02060 KJM, 2012 WL 3704917, at *3 (E.D. Cal. Aug. 24, 2012), *report and*
23 *recommendation adopted*, No. CIV S-07-2060 KJM, 2012 WL 4490959 (E.D. Cal. Sept. 28,
24 2012); *Messner v. Glob. Reality Dev. Corp.*, No. CV0806001SJOMANX, 2010 WL 11519320, at
25 *5 (C.D. Cal. Oct. 18, 2010); *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW,
26 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  Here, the speculative nature of the
27 requested damages weighs against entry of default judgment against defendant Hale.
28 ////

Plaintiff relies on two items to justify his request for a judgment of $100,000 in compensatory damages. First, he cites to a 2010 settlement in Superior Court of New Jersey, Passaic County Division, where, reportedly, plaintiff had been a county jail inmate who sued the county and his treating doctor for medical malpractice and deliberate indifference, in violation of his civil rights. ECF No. 319 at 9 (citing *Krebs v. Passaic County*, 2010 WL 2471817 (N.J. Super. Ct.) (Verdict and Settlement Summary)). The evidence in support of plaintiff's claims included that he had complained of severe pain and requested to visit the jail infirmary 45 times, but was never diagnosed nor treated for a serious medical condition. *Ibid*. Reportedly, during trial, plaintiff settled the matter against both defendants for $100,000 in total. *Ibid*.

The second item on which plaintiff bases his request for compensatory damages is *Anderson v. Kelso*, No. 2:12-cv-00261-MCE-KJN, 2017 WL 1079875 (E.D. Cal. Mar. 22, 2017). ECF No. 319 at 9-10. In that case, plaintiff was incarcerated in a California state prison and brought a suit under 42 U.S.C. § 1983 against, inter alia, a physician at and the medical director of the prison, based on their involvement in the decision to discontinue his pain medication. *Anderson*, 2017 WL 1079875, at *1. At trial, the plaintiff presented evidence that the reasons for discontinuing the medication and the manner in which it was discontinued were unreasonable under professional norms, as well as evidence of the ways the resultant pain had impacted his life. *Id*. at *2. The jury found that the medical director and physician, both of whom had been members of the panel that had decided to discontinue plaintiff's pain medication, had been deliberately indifferent to the plaintiff's medical needs and awarded plaintiff $60,000 in damages from each of the two defendants. *Ibid.*

These items fail to demonstrate that the request for $100,000 in compensatory damages from defendant Hale is non-speculative, nor that it is proportionate to the harm for which he is legally responsible. As a preliminary matter, the undersigned is unpersuaded that the first case cited by plaintiff, which arose in New Jersey Superior Court in 2010, is significantly probative of the likely jury verdict that may be returned in this vicinage, many years later. *Cf. Tate v. Troutman*, 683 F. Supp. 2d 897, 909 (E.D. Wis.), *aff'd sub nom. Tate v. Riegert*, 380 F. App'x 550 (7th Cir. 2010) (to determine whether plaintiff's requested compensatory damages were

reasonable in his civil rights action, court surveyed numerous jury awards in civil rights cases in the circuit). Moreover, neither *Krebs* nor *Anderson*, alone or taken together, appear to justify the damages plaintiff requests against defendant Hale here. First, neither case supports the reasonableness of an award of this amount against a single defendant for a single cause of action of deliberate indifference. Second, in both cases plaintiff cites, the defendants at issue were the plaintiff's treating physicians or otherwise proven to be directly responsible for the plaintiff having received substandard care or having had his medication discontinued. Here, in contrast, even taking plaintiff's allegations against defendant Hale as true, defendant Hale's personal responsibility for the harms suffered by plaintiff appears more attenuated. *See* ECF No. 1 ¶¶ 22-25. Taken as a whole, plaintiff offers no justification or explanation as to how this proposed amount was arrived at, nor why it is proportionally tailored to defendant Hale specifically. As such, the undersigned finds the fourth *Eitel* factor weighs against entry of default judgment against defendant Hale. *See Lal*, 2012 WL 3704917, at *3 (fact that plaintiff requested damages of $200,000 against defendant in claim of deliberate indifference, but presented no evidence to substantiate that figure, weighed against the entry of default).

### 4. Possibility of Dispute Over Materials Facts

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 921; *Pepsico,* 238 F.Supp.2d at 1177; *see also Eitel,* 782 F.2d at 1471-72. Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is unlikely. *Landstar Ranger*, 725 F. Supp.2d at 921-22. Here, since defendant Hale is in default and his Answer was stricken, ECF No. 284, all of plaintiff's well-pleaded factual allegations are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 918; Fed. R. Civ. Proc. 8(b)(6). Accordingly, no factual dispute exists that would preclude the entry of default judgment, *Vogel v. Rite Aid Corp.*, 992 F. Supp.2d, 998, 1013 (C.D. Cal 2014), and this factor weighs in favor of entry of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

With the sixth *Eitel* factor, the court considers whether the defendant's default may have been the product of excusable neglect. *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 922; *Pepsico,*

238 F.Supp.2d at 1177; *see Eitel,* 782 F.2d at 1471-72.  Here, defendant Hale participated in these proceedings for many years prior to his default, as described *ante*.  When his counsel moved to withdraw, in 2022, she described that a conflict had arisen because the California Department of Justice had moved to revoke defendant Hale's professional license apparently due to arrests and convictions he suffered in 2020 and 2021, which counsel also detailed.  ECF No. 229 at 2-3. Counsel further represented that there were active warrants for defendant Hale's arrest.  *Id.* at 4. The court granted the motion of the basis of these representations.  ECF No. 232.

Courts have recognized that a litigant's incarceration may present practical impediments to his preparation of pleadings and communication with the courts, and thereby sometimes constitutes "excusable neglect" for non-adherence to deadlines and other procedural requirements.  *See, e.g.*, *United States v. Ortiz*, 956 F.2d 1168 (9th Cir. 1992); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Reyes v. Modesto*, No. 2:09-CV-03114 KJM, 2012 WL 259990, at *1 (E.D. Cal. Jan. 27, 2012), *report and recommendation adopted,* No. CIV-S-09-3114-KJM, 2012 WL 1038535 (E.D. Cal. Mar. 27, 2012); *but see Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013) (finding no excusable neglect where defendant was properly served, despite his being incarcerated).  Here, there is nothing in the record to show whether defendant Hale is incarcerated, let alone that would present a possible excuse for his neglect in participating in this suit.  Given, however, that the record suggests the possibility of his present incarceration, and given that, if true, that fact could provide a factual explanation for defendant Hale's recent failure to participate in these proceedings, this factor militates against entry of default judgment against him at this juncture.

**6. Policy of Deciding Cases on Their Merits**

*Eitel* finally requires the court to consider, as a stand-alone factor, "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472.  This factor, therefore, weighs against entry of default judgment, although plainly is not dispositive.  *See ibid*.

////

////

### 7. Conclusion

Taken together, the *Eitel* factors are mixed. Although the plaintiff's complaint states a cause of action against defendant Hale, the material facts of which are not in dispute given the striking of his Answer, and although plaintiff would be without a monetary remedy absent entry of judgment, the damages plaintiff seeks appear largely speculative and unsupported, and plaintiff has not shown they are proportionate to the harm caused by defendant Hale. As such, this factor favors requiring plaintiff to present evidence establishing some measure of damages. Moreover, the record suggests a possible factual reason for defendant Hale's abrupt departure from the proceedings, after many years of his apparently active participation, which implies further fact-finding may be necessary before the court can conclude his default arose from inexcusable neglect. These concerns carry particular weight in light of the "general rule that default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. Dispositive, however, is the speculative nature of the damages sought, as described below.

### B. Relief Sought

Regardless of how the *Eitel* factors militate, a court may only award damages that have been actually proven by the plaintiff. *Geddes*, 559 F.2d at 560; *see also TeleVideo Sys., Inc.*, 826 F.2d at 917-18; *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 923; *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Thus, where plaintiff has requested a particular monetary award without evidentiary support substantiating its appropriateness, courts routinely decline to enter the requested default judgment. *See, e.g.*, *Epson Am., Inc.*, 2024 WL 2104600, at *7; *Lal*, 2012 WL 3704917, at *3; *Bury v. Bradish*, No. 1:05CV00600LJOGSAPC, 2009 WL 414489, at *1 (E.D. Cal. Feb. 18, 2009), *aff'd*, 369 F. App'x 858 (9th Cir. 2010). A plaintiff seeking compensatory damages for a violation of his rights under § 1983 must prove by a preponderance of the evidence that the amount of money requested will fairly and reasonably compensate him for the harm caused by the defendant. *See Watson v. City of San Jose*, 800 F.3d 1135, 1140 (9th Cir. 2015); *see generally Smith v. Wade*, 461 U.S. 30, 34 (1983); *Carey v. Piphus*, 435 U.S. 247 (1978); Ninth Cir. Mod. Civ. Jury Instructions 5.1. Here, plaintiff has failed to show that the compensatory damages he requests are not speculative and

1  that they fairly and reasonably compensate him for the harm caused by defendant Hale in
2  particular. Accordingly, the undersigned recommends that the court deny plaintiff's motion for
3  entry of default judgment against defendant Hale without prejudice to its renewal, supported by
4  argument and any evidence plaintiff may choose to offer, concerning the *Eitel* factors and
5  plaintiff's claimed damages.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED THAT plaintiff's Motion for Entry of Default Judgment (ECF No. 319) be DENIED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE